```
MIME-Version:1.0
From:ecfwebmaster@wawb.uscourts.gov
To:ecfwebmaster
Bcc: engelpleadings@hotmail.com, henderson@ryanlaw.com, lewis@ryanlaw.com, swenson@ryanlaw.com
Do not notice for BK case:

Message-Id:<29249261@wawb.uscourts.gov>
Subject:Altanatural Inc v. New Investments Inc 15-01188-MLB Notice of Transmittal of Appeal to BAP
```

/USDC Content-Type: text/html

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30-page limit do not apply.**

### U.S. Bankruptcy Court

### Western District of Washington

Notice of Electronic Filing

The following transaction was received from Atkins, Sharon entered on 8/29/2016 at 2:45 PM PDT and filed on 8/29/2016

**Case Name:**          Altanatural Inc v. New Investments Inc
**Case Number:**         15-01188-MLB
**Document Number:** 80

**Docket Text:**

Notice of Transmittal of Appeal to USDC. A Notice of Appeal has been filed by Lawrence K Engel with the Clerk of the U.S. Bankruptcy Court. The U.S. Bankruptcy Court has assigned an internal appeal number of 16-S018. Any further documents related to the appeal must include this internal number. Refer to Fed. R. Bankr. P. 8006 and LBR 8006-1; Fed. R. Bankr. P. 8009(b)(1) through (8). Transcript requests should be directed to one of the Approved Transcription Agencies posted on the court website at www.wawb.uscourts.gov. Note: a cross-appeal has its own fee and will receive its own internal case number . (SLA)

The following document(s) are associated with this transaction:

**15-01188-MLB Notice will be electronically mailed to:**

Lawrence K Engel on behalf of Defendant New Investments Inc
engelpleadings@hotmail.com

Brian Lewis on behalf of Plaintiff Altanatural Inc
lewis@ryanlaw.com

Gulliver A. Swenson on behalf of Plaintiff Altanatural Inc
swenson@ryanlaw.com, henderson@ryanlaw.com

**15-01188-MLB Notice will not be electronically mailed to:**

**AwaitClo, APPEAL, APLDIST**

# U.S. Bankruptcy Court
## Western District of Washington (Seattle)
## Adversary Proceeding #: 15−01188−MLB

*Assigned to:* Marc Barreca                              *Date Filed:* 07/23/15
*Lead BK Case:* 13−10948
*Lead BK Title:* New Investments Inc
*Lead BK Chapter:* 11
*Demand:*
   *Nature[s] of Suit:*  02 Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy)
                14 Recovery of money/property − other

*Plaintiff*
−−−−−−−−−−−−−−−−−−−−−−−

**Altanatural Inc**                              represented by **Brian Lewis**
                                                       Ryan Swanson & Cleveland PLLC
                                                       1201 3rd Ave Ste 3400
                                                       Seattle, WA 98101−3034
                                                       206−464−4224
                                                       Email: lewis@ryanlaw.com

                                                       **Gulliver A. Swenson**
                                                       Ryan Swanson & Cleveland PLLC
                                                       1201 3rd Ave Ste 3400
                                                       Seattle, WA 98101
                                                       206−654−2204
                                                       Fax : 206−652−2904
                                                       Email: swenson@ryanlaw.com
                                                       *LEAD ATTORNEY*

V.

*Defendant*
−−−−−−−−−−−−−−−−−−−−−−−

**New Investments Inc,** *a Washington*            represented by **Lawrence K Engel**
*corporation*                                    Attorney at Law
12233 NE Totem Lake Way                           40 Lake Bellevue Ste 100
Kirkland, WA 98034                                PO Box 580
Tax ID / EIN: 98−0097310                          Bellevue, WA 98009
                                                       425−454−5500
                                                       Email: engelpleadings@hotmail.com

| Filing Date | # | | Docket Text |
|---|---|---|---|
| 07/23/2015 | | 1 | Adversary case 15−01188. Complaint by Altanatural Inc (attorney Gulliver A. Swenson, attorney Brian L Lewis) against New Investments Inc. . Nature of Suit: (02 (Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy))), (14 (Recovery of |

1

| | | | |
|---|---|---|---|
| | | | money/property – other)) (Swenson, Gulliver) Modified on 7/23/2015 to correct plaintiff information (Heuerman, Mari). (Entered: 07/23/2015 at 13:52:27) |
| 07/23/2015 | | | Receipt of filing fee for Complaint(15–01188–MLB) [cmp,cmp] ( 350.00). Receipt number 21175649. Fee amount $ 350.00. (U.S. Treasury) (Entered: 07/23/2015 at 13:54:09) |
| 07/23/2015 | | 2 | Notice Regarding Final Adjudication and Consent . Filed by Gulliver A. Swenson on behalf of AltaNatural Corporation. (Swenson, Gulliver) (Entered: 07/23/2015 at 13:55:41) |
| 07/25/2015 | | 3 | Notice of Appearance *for Defendant New Investments, Inc.* . Filed by Lawrence K Engel on behalf of New Investments Inc. (Engel, Lawrence) (Entered: 07/25/2015 at 11:01:35) |
| 07/28/2015 | | 4 | Summons and Pretrial Conference issued electronically via the Court's ECF System to Plaintiff's Attorney to be served on New Investments Inc Answer Due 8/27/2015 . Pretrial scheduled for 9/17/2015 at 09:00 AM at Judge Barreca's Courtroom, U.S. Courthouse, Room 7106. (KEK) (Entered: 07/28/2015 at 14:26:13) |
| 07/29/2015 | | 5 | Declaration *of Service...* Filed by Gulliver A. Swenson on behalf of Altanatural Inc. (Swenson, Gulliver) (Entered: 07/29/2015 at 09:35:19) |
| 08/17/2015 | | 6 | Letter To and Subject: *agreement re: extension of deadline to file Answer to Complaint*. Filed by Lawrence K Engel on behalf of New Investments Inc. (Related document(s)4 Summons and Pretrial Conference (Seattle)). (Engel, Lawrence) (Entered: 08/17/2015 at 14:59:18) |
| 08/20/2015 | | 7 | Motion for Summary Judgment with Notice of Hearing. Filed by Gulliver A. Swenson on behalf of Altanatural Inc The Hearing date is set for 9/17/2015 at 09:30 AM at Judge Barreca's Courtroom, U.S. Courthouse, Room 7106. Response due by 9/10/2015. (Attachments: # 1 Proposed Order) (Swenson, Gulliver) (Entered: 08/20/2015 at 16:01:58) |
| 08/20/2015 | | 8 | Declaration *of William Xiong in Support of Motion for Partial Summary Judgment* (Related document(s)7 Motion for Summary Judgment)... Filed by Gulliver A. Swenson on behalf of Altanatural Inc. (Swenson, Gulliver) (Entered: 08/20/2015 at 16:03:26) |
| 08/20/2015 | | 9 | Notice of Hearing *for Altanatural's Motion for Partial Summary Judgment (Related document(s)7 Motion for Summary Judgment )*. Filed by Gulliver A. Swenson on behalf of Altanatural Inc. (Swenson, Gulliver) (Entered: 08/20/2015 at 16:21:09) |
| 08/27/2015 | | 10 | Motion *to Continue Plaintiff's Motion for Partial Summary Judgment [with enlarged Response Date of September 1, 2015 @ noon]...* Filed by Lawrence K Engel on behalf of New Investments Inc The Hearing date is set for 9/3/2015 at 09:30 AM at Judge Barreca's Courtroom, U.S. Courthouse, Room 7106. (Attachments: # 1 Proposed Order) (Engel, Lawrence) (Entered: 08/27/2015 at 13:06:28) |
| 08/27/2015 | | | Notice to Court of Intent to Argue. Date of Hearing: 9/3/2015. Filed by Lawrence K Engel on behalf of New Investments Inc. (Related document(s)10 Motion). (Engel, Lawrence) (Entered: 08/27/2015 at 13:07:15) |

| | | | |
|---|---|---|---|
| 08/27/2015 | | 11 | Defendant's Motion to Shorten Time *for Notice of Hearing and Enlarge Response re: ECF Docket No. 10 [Motion to Continue Plaintiff's Motion for Partial Summary Judgment]..* Filed by Lawrence K Engel on behalf of New Investments Inc (Attachments: # 1 Proposed Order) (Engel, Lawrence) (Entered: 08/27/2015 at 14:24:09) |
| 08/27/2015 | | 12 | Received UNSIGNED Order Forwarded to Chambers for Judge's Signature. Filed by Engel, Lawrence. Related document 11 (Entered: 08/27/2015 at 14:53:01) |
| 08/27/2015 | | 13 | Received UNSIGNED Order Forwarded to Chambers for Judge's Signature. Filed by Engel, Lawrence. Related document 10 (Entered: 08/27/2015 at 16:18:18) |
| 08/28/2015 | | | Notice to Court Agreement Reached, Agreed Order to be Submitted on Filed by Gulliver A. Swenson on behalf of Altanatural Inc. (Related document(s)7 Motion for Summary Judgment, 9 Hearing Notice, 13 Received UNSIGNED Order). (Swenson, Gulliver) (Entered: 08/28/2015 at 15:49:59) |
| 08/28/2015 | | | Notice to Court Requesting Continuance of Hearing on Motion – from: Date of Hearing: 09/17/2015. to: 10/08/2015 at 9:30 am. Filed by Gulliver A. Swenson on behalf of Altanatural Inc. (Related document(s)7 Motion for Summary Judgment, 9 Hearing Notice, 13 Received UNSIGNED Order, Notice to Court Agreement Reached, Agreed Order to be Submitted). (Swenson, Gulliver) (Entered: 08/28/2015 at 15:54:17) |
| 08/28/2015 | | 14 | Submitted But Not Entered (Related document(s) 11 Motion to Shorten Time, 12 Received UNSIGNED Order). (JPK) (Entered: 08/28/2015 at 16:09:00) |
| 08/28/2015 | | 15 | Agreed ORDER Continuing Hearing on Motion for Partial Summary Judgment (Related Doc # 10 Motion to Continue Plaintiff's Motion for Partial Summary Judgment). (JPK) (Entered: 08/28/2015 at 16:12:02) |
| 09/02/2015 | | | Minutes. (related document(s): 10 Motion to Continue Plaintiffs Motion for Partial Summary Judgment [with enlarged Response Date of September 1, 2015 noon] filed by Lawrence K Engel.: Continued Hearing scheduled for 10/08/2015 at 09:30 AM at Judge Barreca's Courtroom, U.S. Courthouse, Room 7106. (KEK ) (Entered: 09/02/2015 at 14:15:55) |
| 09/07/2015 | | 16 | Answer to Complaint *by Defendant New Investments, Inc..* Filed by Lawrence K Engel on behalf of New Investments Inc. (Attachments: # 1 Exhibit D–1)(Engel, Lawrence) (Entered: 09/07/2015 at 20:14:24) |
| 09/16/2015 | | | Minutes. (related document(s): 7 Motion for Summary Judgment filed by Altanatural Inc filed by Gulliver A. Swenson.: Continued Hearing scheduled for 10/08/2015 at 09:30 AM at Judge Barreca's Courtroom, U.S. Courthouse, Room 7106. (KEK ) (Entered: 09/16/2015 at 14:56:58) |
| 09/17/2015 | | | Minutes. Hearing Held. Appearances: Larry Engel representing defendant. (related document(s): 4 Summons and Pretrial Conference (Seattle)) Trial is scheduled for 03/10/2016 and 03/11/2016 at 09:30 AM at Judge Barreca's Courtroom, U.S. Courthouse, Room 7106. Two day trial. (KEK ) (Entered: 09/17/2015 at 10:33:10) |
| 10/02/2015 | | | Notice to Court of Intent to Argue. Date of Hearing: 10/8/2015. Filed by Gulliver A. Swenson on behalf of Altanatural Inc. (Related document(s)7 |

3

| Date | | | Description |
|---|---|---|---|
| | | | Motion for Summary Judgment, 8 Declaration, 9 Hearing Notice, Minutes Hearing Held). (Swenson, Gulliver) (Entered: 10/02/2015 at 09:58:29) |
| 10/02/2015 | | 17 | Notice of Trial and ORDER Setting Deadlines . (DR) (Entered: 10/02/2015 at 13:05:51) |
| 10/02/2015 | | 18 | Declaration *of Shabnam Aziz* (Related document(s)7 Motion for Summary Judgment)... Filed by Lawrence K Engel on behalf of New Investments Inc. (Attachments: # 1 Exhibit D−1 # 2 Exhibit D−2) (Engel, Lawrence) (Entered: 10/02/2015 at 18:17:39) |
| 10/02/2015 | | 19 | Declaration *of Mahmoud Aziz* (Related document(s)7 Motion for Summary Judgment)... Filed by Lawrence K Engel on behalf of New Investments Inc. (Attachments: # 1 Exhibit Photo 1 # 2 Exhibit Photo 2 # 3 Exhibit Photo 3 # 4 Exhibit Photo 4 # 5 Exhibit Photo 12 # 6 Exhibit Photo 15 # 7 Exhibit D−1) (Engel, Lawrence) (Entered: 10/02/2015 at 18:25:31) |
| 10/02/2015 | | 20 | Defendant's Response to *Motion for Partial Summary Judgment* (Related document(s)7 Motion for Summary Judgment)... Filed by Lawrence Engel on behalf of New Investments Inc. (Attachments: # 1 Exhibit D−1 # 2 Exhibit D−2) (Engel, Lawrence) (Entered: 10/02/2015 at 18:31:30) |
| 10/05/2015 | | 21 | Plaintiff's Reply *in Support of Motion for Partial Summary Judgment on Liability for Breach of Contract* (Related document(s)7 Motion for Summary Judgment). Proof of Service. Filed by Gulliver A. Swenson on behalf of Altanatural Inc. (Swenson, Gulliver) (Entered: 10/05/2015 at 16:18:35) |
| 10/08/2015 | | | Minutes. Hearing Held. Appearances: Gulliver Swenson representing plaintiff; Lawrence Engel representing defendant. (related document(s): 7 Motion for Summary Judgment filed by Altanatural Inc) Appearance : Gulliver A. Swenson: Additional briefing from both parties is due on or before 10/26/15. Matter will be taken under advisement as of 10/27/15. Chambers will contact counsel with date and time of ruling. .(KEK ) (Entered: 10/08/2015 at 14:09:35) |
| 10/08/2015 | | | Minutes. (related document(s): 10 Motion to Continue Plaintiffs Motion for Partial Summary Judgment [with enlarged Response Date of September 1, 2015 noon] filed by Lawrence K Engel. : See minutes for 10.8.15. (KEK ) (Entered: 10/08/2015 at 14:29:06) |
| 10/09/2015 | | | Audio CD Request. Hearing Date and Time: 10/08/15 at 9:30am.. Contact: Angie Henderson (206) 654−2226... . Filed by Gulliver A. Swenson on behalf of Altanatural Inc. (Swenson, Gulliver) (Entered: 10/09/2015 at 14:53:25) |
| 10/09/2015 | | | Receipt of filing fee for Audio CD Request(15−01188−MLB) [misc,1806] ( 30.00). Receipt number 21477713. Fee amount $ 30.00. (U.S. Treasury) (Entered: 10/09/2015 at 14:55:14) |
| 10/12/2015 | | | Audio CD Request. Hearing Date and Time: 10/08/2015 @ 9:30 a.m... Contact: Lawrence K. Engel, Attorney at Law (425) 454−5500... *Mail to 40 Lake Bellevue #100, Bellevue, WA 98005*. Filed by Lawrence K Engel on behalf of New Investments Inc. (Engel, Lawrence) (Entered: 10/12/2015 at 13:25:38) |
| 10/12/2015 | | | Receipt of filing fee for Audio CD Request(15−01188−MLB) [misc,1806] ( 30.00). Receipt number 21480741. Fee amount $ 30.00. (U.S. Treasury) |

| | | | |
|---|---|---|---|
| | | | (Entered: 10/12/2015 at 13:27:46) |
| 10/26/2015 | | 22 | Supplemental Brief *on Motion for Partial Summary Judgment*. Filed by Gulliver A. Swenson on behalf of Altanatural Inc. (Related document(s)7 Motion for Summary Judgment). (Swenson, Gulliver) (Entered: 10/26/2015 at 16:25:33) |
| 10/26/2015 | | 23 | Supplemental Memorandum *of Defendant New Investments, Inc.* (Related document(s)7 Motion for Summary Judgment)... Filed by Lawrence K Engel on behalf of New Investments Inc. (Attachments: # 1 Exhibit D–1 # 2 Exhibit D–2) (Engel, Lawrence) (Entered: 10/26/2015 at 21:54:43) |
| 10/27/2015 | | 24 | Mediation Certification Filed by Engel, Lawrence (Entered: 10/27/2015 at 13:15:04) |
| 11/12/2015 | | 25 | ORDER Granting in Part and Denying in Part Plaintiff's Motion for Partial Summary Judgment of Liability for Breach of Contract (Related document(s) 7 Motion for Summary Judgment. Filed by Gulliver A Swenson on behalf of Altanatural Inc). (JPK) (Entered: 11/12/2015 at 13:48:17) |
| 01/08/2016 | | 26 | Stipulation by and between *Plaintiff and Defendant, Extending Certain PreTrial Deadlines*. Filed by Gulliver A. Swenson on behalf of Altanatural Inc. (Swenson, Gulliver) (Entered: 01/08/2016 at 10:49:11) |
| 01/08/2016 | | 27 | Received UNSIGNED Order Forwarded to Chambers for Judge's Signature. Filed by Swenson, Gulliver. Related document 26 (Entered: 01/08/2016 at 11:49:07) |
| 01/11/2016 | | 28 | Stipulation And ORDER Extending Certain Pretrial Deadlines (Related document(s)26 Stipulation). (DR) (Entered: 01/11/2016 at 12:27:56) |
| 02/04/2016 | | 29 | Subpoena *to Williams Kaster*.. Filed by Gulliver A. Swenson on behalf of Altanatural Inc. (Attachments: # 1 Proof of Service) (Swenson, Gulliver) (Entered: 02/04/2016 at 09:18:42) |
| 02/08/2016 | | 30 | Statement *Plaintiff Altanatural, Inc.'s Pretrial Disclosures Pursuant to Fed.R.Civ.P. 26(a)(3)*... Filed by Gulliver A. Swenson on behalf of Altanatural Inc. (Swenson, Gulliver) (Entered: 02/08/2016 at 16:35:05) |
| 02/19/2016 | | 31 | Motion *Motion to Allow Video Testimony of Zhiqiang Wang at Trial* with Notice of Hearing. Filed by Gulliver A. Swenson on behalf of Altanatural Inc The Hearing date is set for 3/3/2016 at 09:30 AM at Judge Barreca's Courtroom, U.S. Courthouse, Room 7106. Response due by 2/25/2016. (Attachments: # 1 Notice of Hearing # 2 Proposed Order) (Swenson, Gulliver) (Entered: 02/19/2016 at 14:55:51) |
| 02/19/2016 | | 32 | Ex Parte Motion to Shorten Time *on Hearing on Motion to Allow Video Testimony of Zhiqiang Wang*.. Filed by Gulliver A. Swenson on behalf of Altanatural Inc (Attachments: # 1 Proposed Order # 2 Pleading Declaration of Gulliver A. Swenson in Support) (Swenson, Gulliver) (Entered: 02/19/2016 at 15:01:57) |
| 02/22/2016 | | 33 | Response to *Motion to Shorten Time for Notice of Hearing* (Related document(s)32 Motion to Shorten Time)... Filed by Lawrence K Engel on behalf of New Investments Inc. (Engel, Lawrence) (Entered: 02/22/2016 at 12:35:05) |

| | | | |
|---|---|---|---|
| 02/23/2016 | | 34 | Witness & Exhibit Summary *(Disclosure of Non−Expert Witnesses Only)* (Related document(s)17 Notice of Trial and Order Setting Deadlines, 28 Order GENERIC)... Filed by Lawrence K Engel on behalf of New Investments Inc. (Engel, Lawrence) (Entered: 02/23/2016 at 17:16:18) |
| 02/23/2016 | | 35 | Witness & Exhibit Summary *(Exhibits Only)* (Related document(s)17 Notice of Trial and Order Setting Deadlines, 28 Order GENERIC)... Filed by Lawrence K Engel on behalf of New Investments Inc. (Engel, Lawrence) (Entered: 02/23/2016 at 17:24:39) |
| 02/24/2016 | | 36 | Defendant's Response to *Motion to Allow Video Testimony at Trial* (Related document(s)31 Motion)... Filed by Lawrence K Engel on behalf of New Investments Inc. (Engel, Lawrence) (Entered: 02/24/2016 at 18:59:24) |
| 02/25/2016 | | 37 | Received UNSIGNED Order Forwarded to Chambers for Judge's Signature. Filed by Swenson, Gulliver. Related document 31 (Entered: 02/25/2016 at 07:44:15) |
| 02/25/2016 | | 38 | Received UNSIGNED Order Forwarded to Chambers for Judge's Signature. Filed by Swenson, Gulliver. Related document 32 (Entered: 02/25/2016 at 07:44:15) |
| 02/25/2016 | | 39 | Received UNSIGNED Order Forwarded to Chambers for Judge's Signature. Filed by Swenson, Gulliver. Related document 31 Modified on 2/25/2016; per filer, incorrect PDF; see docket #38 (Brazil, Victoria). (Entered: 02/25/2016 at 07:44:15) |
| 02/25/2016 | | 40 | Notice of *Disclosure of Interpreter* Filed by Gulliver A. Swenson on behalf of Altanatural Inc. (Swenson, Gulliver) (Entered: 02/25/2016 at 10:37:01) |
| 02/26/2016 | | 41 | Submitted But Not Entered (Related document(s) 31 Motion to Allow Video Testimony of Zhiqiang Wang at Trial, 37 Received UNSIGNED Order). (JPK) (Entered: 02/26/2016 at 09:47:31) |
| 02/26/2016 | | 42 | Submitted But Not Entered (Related document(s) 31 Motion to Allow Video Testimony, 39 Received UNSIGNED Order). (JPK) (Entered: 02/26/2016 at 09:51:46) |
| 02/29/2016 | | | Notice to Court of Intent to Argue. Date of Hearing: 3/3/2016. Filed by Gulliver A. Swenson on behalf of Altanatural Inc. (Related document(s)31 Motion). (Swenson, Gulliver) (Entered: 02/29/2016 at 08:40:36) |
| 02/29/2016 | | 43 | Plaintiff's Motion *Motion in Limine* with Notice of Hearing. Filed by Gulliver A. Swenson on behalf of Altanatural Inc The Hearing date is set for 3/10/2016 at 09:30 AM at Judge Barreca's Courtroom, U.S. Courthouse, Room 7106. Response due by 3/3/2016. (Attachments: # 1 Proposed Order) (Swenson, Gulliver) (Entered: 02/29/2016 at 15:20:07) |
| 02/29/2016 | | 44 | Notice of Hearing *on Plaintiff's Motion in Limine (Related document(s)43 Plaintiff's Motion Motion in Limine).* Filed by Gulliver A. Swenson on behalf of Altanatural Inc. (Swenson, Gulliver) (Entered: 02/29/2016 at 15:20:52) |
| 02/29/2016 | | 45 | Declaration *Gulliver Swenson in Support of Plaintiff's Motion in Limine* (Related document(s)43 Motion)... Filed by Gulliver A. Swenson on behalf of Altanatural Inc. (Attachments: # 1 Exhibit A) (Swenson, |

| | | | |
|---|---|---|---|
| | | | Gulliver) (Entered: 02/29/2016 at 15:23:10) |
| 02/29/2016 | | 46 | Declaration *of Service* (Related document(s)43 Motion, 44 Hearing Notice, 45 Declaration)... Filed by Gulliver A. Swenson on behalf of Altanatural Inc. (Swenson, Gulliver) (Entered: 02/29/2016 at 15:24:19) |
| 02/29/2016 | | | Notice to Court of Intent to Argue. Date of Hearing: 3/10/2016. Filed by Gulliver A. Swenson on behalf of Altanatural Inc. (Related document(s)43 Motion, 44 Hearing Notice). (Swenson, Gulliver) (Entered: 02/29/2016 at 15:26:40) |
| 03/01/2016 | | 47 | Ex Parte ORDER Granting Motion to Shorten Time (Related Doc # 32 Ex Parte Motion to Shorten Time on Hearing on Motion to Allow Video Testimony of Zhiqiang Wang) (RE: related document(s) 31 *Motion to Allow Video Testimony of Zhiqiang Wang at Trial*. Filed by Gulliver A. Swenson on behalf of Altanatural Inc). (JPK) (Entered: 03/01/2016 at 16:12:20) |
| 03/03/2016 | | | Minutes. Hearing Held. Appearances: Gulliver Swenson representing Plaintiff; Larry Engel representing Defendant. (related document(s): 31 Motion to Allow Video Testimony of Zhiqiang Wang at Trial with Notice of Hearing filed by Gulliver A. Swenson. : Motion is granted. Order to be entered. Testimony will not be allowed via Skype. An Interpreter will be present in the courtroom. Larry Engel may file Proposed Findings by March 7, 2016 at noon. Trial scheduled for March 10 and 11, 2016 is going forward. (KEK ) (Entered: 03/03/2016 at 10:47:13) |
| 03/03/2016 | | 48 | Plaintiff's Brief *TRIAL BRIEF*. Filed by Gulliver A. Swenson on behalf of Altanatural Inc. (Swenson, Gulliver) (Entered: 03/03/2016 at 14:19:06) |
| 03/03/2016 | | 49 | Proof of Service *of Plaintiff's Trial Brief*. Filed by Gulliver A. Swenson on behalf of Altanatural Inc. (Related document(s)48 Brief). (Swenson, Gulliver) (Entered: 03/03/2016 at 14:21:26) |
| 03/03/2016 | | | Notice to Court of Intent to Argue. Date of Hearing: 3/10/2016. Filed by Gulliver A. Swenson on behalf of Altanatural Inc. (Related document(s)17 Notice of Trial and Order Setting Deadlines). (Swenson, Gulliver) (Entered: 03/03/2016 at 15:40:40) |
| 03/03/2016 | | 50 | Received UNSIGNED Order Forwarded to Chambers for Judge's Signature. Filed by Swenson, Gulliver. Related document 31 (Entered: 03/03/2016 at 15:53:02) |
| 03/03/2016 | | 51 | Defendant's Memorandum *for Trial March 10–11, 2016* (Related document(s)17 Notice of Trial and Order Setting Deadlines)... Filed by Lawrence K Engel on behalf of New Investments Inc. (Engel, Lawrence) (Entered: 03/03/2016 at 16:18:17) |
| 03/03/2016 | | 52 | Response to *Plaintiff's Motion in Limine* (Related document(s)43 Motion)... Filed by Lawrence K Engel on behalf of New Investments Inc. (Attachments: # 1 Exhibit ML–29 # 2 Exhibit ML–24 # 3 Exhibit ML–32 # 4 Exhibit ML–33) (Engel, Lawrence) (Entered: 03/03/2016 at 21:59:55) |
| 03/04/2016 | | 53 | Brief *Plaintiff's Proposed Findings of Fact and Conclusions of Law*. Filed by Gulliver A. Swenson on behalf of Altanatural Inc. (Related document(s)48 Brief). (Swenson, Gulliver) (Entered: 03/04/2016 at 09:33:29) |

| | | | |
|---|---|---|---|
| 03/04/2016 | | <u>54</u> | ORDER Granting Motion to Allow Video Testimony of Zhiqiang Wang (Related Doc # <u>31</u> Motion to Allow Video Testimony of Zhiqiang Wang at Trial). (JPK) (Entered: 03/04/2016 at 13:44:49) |
| 03/07/2016 | | <u>55</u> | Report RE: *Defendant's Proposed Findings of Fact and Conclusions of Law (deadline extended as per ruling on the record on March 3, 2016)..* Filed by Lawrence K Engel on behalf of New Investments Inc. (Related document(s)<u>17</u> Notice of Trial and Order Setting Deadlines). (Engel, Lawrence) (Entered: 03/07/2016 at 11:07:27) |
| 03/07/2016 | | <u>56</u> | Amended Witness & Exhibit Summary *(Exhibits only)* (Related document(s)<u>35</u> Witness and Exhibit Summary)... Filed by Lawrence K Engel on behalf of New Investments Inc. (Engel, Lawrence) (Entered: 03/07/2016 at 13:16:25) |
| 03/07/2016 | | <u>57</u> | Received UNSIGNED Order Forwarded to Chambers for Judge's Signature. Filed by Swenson, Gulliver. Related document <u>17</u> (Entered: 03/07/2016 at 15:53:02) |
| 03/08/2016 | | <u>58</u> | Pretrial ORDER (Related document(s) <u>17</u> Notice of Trial and Order Setting Deadlines). (Attachments: # <u>1</u> Exhibit Exhibit A) (JPK) (Entered: 03/08/2016 at 17:28:13) |
| 03/10/2016 | | | Minutes. Hearing Held. Appearances: Gulliver Swenson representing Plaintiff; Larry Engel representing Defendant. (related document(s): <u>43</u> Plaintiffs Motion Motion in Limine with Notice of Hearing.Gulliver A. Swenson.: Motion is granted. (KEK ) (Entered: 03/25/2016 at 10:19:54) |
| 03/10/2016 | | | Minutes.Trial Held March 10 – March 11, 2016. Appearances: Gulliver Swenson representing Plaintiff; Lawrence Engel representing Defendant; Interpreter Alan Lai for Dr. Zhigiang Wang. (related document(s): <u>4</u> Summons and Pretrial Conference (Seattle).: Motion in Limine is granted. Opening argument by Plaintiff's counsel. Defendan'ts counsel waived opening argument. Witnesses: Dr. William Xiong; Dr. Zhigiang Wang; Mark Lukens; Shabnam Aziz; James Rigby; Mahmoud Aziz. Deposition of Dr. Xiong published. Plaintiff's Exhibits Admitted: P–1 through P–4; P–14; P–16 through P–22; P–24; P–25; P–27 through P–34. Defendant's Exhibits Admitted: D–3 through D–7; D–34 through D–42; D–45; D–46. Closing arguments. Counsel will be contacted with date/time of Ruling. Parties may appear telephonically. (KEK ) (Entered: 03/25/2016 at 13:18:43) |
| 03/24/2016 | | <u>59</u> | DOCKETED IN ERROR – Missing pages ~~Letter From Chambers To: Counsel – Mr. Swenson and Mr. Engel. (RNO)~~ Modified on 3/25/2016 (Kinch, Jim). (Entered: 03/24/2016 at 18:05:05) |
| 03/24/2016 | | <u>60</u> | Letter From Chambers To: Counsel (Mr. Swenson and Mr. Engel). (RNO) (Entered: 03/24/2016 at 18:08:03) |
| 04/01/2016 | | <u>61</u> | Supplemental Brief *in Response to March 24, 2016 Letter from Chambers.* Filed by Gulliver A. Swenson on behalf of Altanatural Inc. (Related document(s)<u>60</u> Letter From Chambers). (Swenson, Gulliver) (Entered: 04/01/2016 at 08:20:42) |
| 04/15/2016 | | <u>62</u> | Defendant's Memorandum *Supplemental (to address issues in the Court's March 24, 2016 letter)* (Related document(s)<u>60</u> Letter From Chambers)... Filed by Lawrence K Engel on behalf of New Investments Inc. (Engel, Lawrence) (Entered: 04/15/2016 at 15:10:49) |

| 05/06/2016 | | 63 | Findings of Fact & Conclusions of Law Following Trial. (JPK) (Entered: 05/06/2016 at 14:41:57) |
|---|---|---|---|
| 05/28/2016 | | 64 | Notice of *Unavailability of Defendant's Counsel* Filed by Lawrence K Engel on behalf of New Investments Inc. (Engel, Lawrence) (Entered: 05/28/2016 at 13:27:03) |
| 06/21/2016 | | 65 | Motion *for (1) Entry of Judgment, (2) Award of Attorney's Fees and Costs, (3) Distribution of Proceeds from the Disbursing Agent, and (4) Reconveyance of Deed of Trust...* Filed by Gulliver A. Swenson on behalf of Altanatural Inc The Hearing date is set for 7/21/2016 at 09:30 AM at Judge Barreca's Courtroom, U.S. Courthouse, Room 7106. Response due by 7/14/2016. (Attachments: # 1 Proposed Order Order # 2 Proposed Order Judgment) (Swenson, Gulliver) (Entered: 06/21/2016 at 08:46:48) |
| 06/21/2016 | | 66 | Notice of Hearing *(Related document(s)*65 *Motion for (1) Entry of Judgment, (2) Award of Attorney's Fees and Costs, (3) Distribution of Proceeds from the Disbursing Agent, and (4) Reconveyance of Deed of Trust).* Filed by Gulliver A. Swenson on behalf of Altanatural Inc. (Swenson, Gulliver) (Entered: 06/21/2016 at 08:47:35) |
| 06/21/2016 | | 67 | Declaration *of Gulliver Swenson* (Related document(s)65 Motion)... Filed by Gulliver A. Swenson on behalf of Altanatural Inc. (Swenson, Gulliver) (Entered: 06/21/2016 at 08:49:22) |
| 06/21/2016 | | 68 | Declaration *of Service* (Related document(s)65 Motion, 66 Hearing Notice, 67 Declaration)... Filed by Gulliver A. Swenson on behalf of Altanatural Inc. (Swenson, Gulliver) (Entered: 06/21/2016 at 08:51:50) |
| 07/14/2016 | | 69 | Defendant's Response to *Plaintiff's Motion For Judgment Etc.* (Related document(s)65 Motion)... Filed by Lawrence K Engel on behalf of New Investments Inc. (Attachments: # 1 Exhibit D–1 # 2 Exhibit Trial Ex. D–42) (Engel, Lawrence) (Entered: 07/14/2016 at 20:47:52) |
| 07/15/2016 | | | Notice to Court of Intent to Argue. Date of Hearing: 7/21/2016. Filed by Gulliver A. Swenson on behalf of Altanatural Inc. (Related document(s)65 Motion, 66 Hearing Notice, 67 Declaration). (Swenson, Gulliver) (Entered: 07/15/2016 at 07:12:34) |
| 07/18/2016 | | 70 | Plaintiff's Reply *to Defendant's Response to Plaintiff's Motion for Entry of Judgment and Post–Trial Submissions* (Related document(s)65 Motion, 66 Hearing Notice, 67 Declaration, 69 Response, Notice to Court of Intent to Argue. Proof of Service. Filed by Gulliver A. Swenson on behalf of Altanatural Inc. (Swenson, Gulliver) (Entered: 07/18/2016 at 14:13:06) |
| 07/21/2016 | | | Minutes. Hearing Held. Appearances: Gulliver Swenson representing plaintiff; Larry Engel representing defendant. (related document(s): 65 Motion for (1) Entry of Judgment, (2) Award of Attorneys Fees and Costs, (3) Distribution of Proceeds from the Disbursing Agent, and (4) Reconveyance of Deed of Trust filed by Gulliver A. Swenson.: Continued Hearing scheduled for 08/18/2016 at 09:30 AM at Judge Barreca's Courtroom, U.S. Courthouse, Room 7106 for Ruling. Further briefing by defendant is due by 8.8.16 and for plaintiff 8.12.16. (KEK ) (Entered: 07/22/2016 at 13:01:47) |
| 08/08/2016 | | 71 | Supplemental Memorandum *of Defendant New Investments (for continued hearing on August 18, 2016 @ 9:30 a.m.* (Related document(s)65 Motion, 69 Response)... Filed by Lawrence K Engel on behalf of New Investments Inc. (Attachments: # 1 Exhibit D–1 (Note)) (Engel, Lawrence) (Entered: |

| | | | |
|---|---|---|---|
| | | | 08/08/2016 at 20:37:27) |
| 08/12/2016 | | 72 | Brief *Additional Briefing on Application of Recoupment and Accrual of Interest During Suspension*. Filed by Gulliver A. Swenson on behalf of Altanatural Inc. (Related document(s) Minutes Hearing Held). (Swenson, Gulliver) (Entered: 08/12/2016 at 13:17:55) |
| 08/12/2016 | | 73 | Declaration *of Service of Additional Briefing* (Related document(s)72 Brief... Filed by Gulliver A. Swenson on behalf of Altanatural Inc. (Swenson, Gulliver) (Entered: 08/12/2016 at 13:20:48) |
| 08/18/2016 | | | Minutes. Hearing Held. Appearances: Gulliver Swenson representing plaintiff; Larry Engel representing defendant. (related document(s): 65 Motion for (1) Entry of Judgment, (2) Award of Attorneys Fees and Costs, (3) Distribution of Proceeds from the Disbursing Agent, and (4) Reconveyance of Deed of Trust filed by Gulliver A. Swenson.: Judgment to be entered. (KEK ) (Entered: 08/23/2016 at 09:28:01) |
| 08/24/2016 | | 74 | Notice of *Unavailability of Defendant's Counsel on 8−24−16* (Related document(s)65 Motion, Minutes Hearing Held, Minutes Hearing Held). Filed by Lawrence K Engel on behalf of New Investments Inc. (Engel, Lawrence) (Entered: 08/24/2016 at 08:30:45) |
| 08/25/2016 | | 75 | Received UNSIGNED Order Forwarded to Chambers for Judge's Signature. Filed by Swenson, Gulliver. Related document 65 (Entered: 08/25/2016 at 14:53:02) |
| 08/26/2016 | | 76 | JUDGMENT. Judgment for Plaintiff, Judgment amount: $487,989.36 (Related document(s) 65 Motion for (1) Entry of Judgment, (2) Award of Attorney's Fees and Costs, (3) Distribution of Proceeds from the Disbursing Agent, and (4) Reconveyance of Deed of Trust). Case Can Close: 9/16/2016. (JPK) (Entered: 08/26/2016 at 14:39:47) |
| 08/27/2016 | | 77 | Notice of Appeal and Statement of Election to District Court. BK Internal Case # 16−S018. USDC Case #16−cv−1368−RAJ. *New Investments, Inc., Appellant* Fee Due $ 298*New Investments, Inc., Appellant* (Related document(s)25 Order GENERIC, 63 Findings of Fact and Conclusions of Law, 76 Judgment). Filed by Lawrence K Engel on behalf of New Investments Inc. Record Transmission due by 09/26/2016, (Attachments: # 1 Exhibit A−Order Par. SJ # 2 Exhibit B−JUD.)(Engel, Lawrence) Modified on 8/29/2016 (Atkins, Sharon). (Entered: 08/27/2016 at 13:53:20) |
| 08/28/2016 | | | Receipt of filing fee for Notice of Appeal and Statement of Election(15−01188−MLB) [appeal,ntcapel] ( 298.00). Receipt number 22662272. Fee amount $ 298.00. (U.S. Treasury) (Entered: 08/28/2016 at 06:13:01) |
| 08/29/2016 | | 78 | Motion to Shorten Time *and Enlarge Response Date on Motion for Stay Pending Appeal.*. Filed by Lawrence K Engel on behalf of New Investments Inc (Attachments: # 1 Proposed Order) (Engel, Lawrence) (Entered: 08/29/2016 at 13:17:56) |
| 08/29/2016 | | 79 | Received UNSIGNED Order Forwarded to Chambers for Judge's Signature. Filed by Engel, Lawrence. Related document 78 (Entered: 08/29/2016 at 13:23:02) |

Entered on Docket November 12, 2015

**Below is the Order of the Court.**



**Marc Barreca**
**U.S. Bankruptcy Judge**
(Dated as of Entered on Docket date above)

1
2
3
4
5
6

_____

7
8
9
10

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF WASHINGTON AT SEATTLE**

| | |
|---|---|
| In re: | Case No. 13-10948-MLB |
| New Investments Inc.**,** | |
| Debtor. | |
| **Altanatural Inc.,** | **Adversary No. 15-01188-MLB** |
| Plaintiff, | **ORDER GRANTING IN PART AND** |
| v. | **DENYING IN PART PLAINTIFF'S** |
| | **MOTION FOR PARTIAL SUMMARY** |
| **New Investments Inc.,** | **JUDGMENT ON LIABILITY FOR** |
| Defendant. | **BREACH OF CONTRACT** |

THIS MATTER, Plaintiff's Motion for Partial Summary Judgment on Liability for Breach of

Contract (the "**Motion for Summary Judgment**," Dkt. No. 7), came before me on October 8, 2015.

Plaintiff, Altanatural Inc. ("**Altanatural**" or "**Plaintiff**"), was represented by Ryan, Swanson &

Cleveland, PLLC and Gulliver Swenson, and defendant, New Investments Inc. ("**New Investments**" or

"**Defendant**") was represented by Larry K. Engel, Attorney at Law.  At the conclusion of oral arguments, I requested further submissions and took the matter under advisement.

Having considered the pleadings, evidence, further submissions, and arguments of counsel, and otherwise being fully advised, I grant in part and deny in part the Motion for Summary Judgment.

## JURISDICTION

I have jurisdiction over the parties and the subject matter of this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding.  Venue is proper in the Western District of Washington, pursuant to 28 U.S.C. § 1409.

## UNDISPUTED FACTS

**Special Warranty Deed**

On September 12, 2013, I approved the Commercial Real Estate Purchase and Sale Agreement Washington and three addendums between New Investments and Altanatural (collectively, the "**PSA**"). Under the PSA, Altanatural purchased the land and improvements located at 12333 NE Totem Lake Way Kirkland, Washington (the "**Property**") from New Investments.

The PSA required New Investments to (1) deliver a Special Warranty Deed (the "**Special Warranty Deed**") to Altanatural conveying the property with only those encumbrances permitted by the Special Warranty Deed, and (2) deliver possession and occupation of the Property at closing. Altanatural and New Investments closed the sale on October 4, 2013.

The Special Warranty Deed provided that:

> THE GRANTOR, NEW INVESTMENTS, INC., a Washington corporation, for and in consideration of Ten Dollars ($10.00) and other good and valuable consideration, in hand paid, bargains, sells, and conveys to ALTANATURAL CORPORATION, a Washington corporation, the following described real estate, situated in the County of King, State of Washington:

See Exhibit A attached hereto and incorporated herein by this reference; SUBJECT TO those liens and encumbrances set forth on Exhibit B attached hereto an incorporated herein by this reference . . .

The Special Warranty Deed identified 20 permitted exceptions to title.  However, the Special Warranty Deed did not identify a parking easement that New Investments had granted to a neighboring condominium complex, Chelsea Court II, LLC ("**Chelsea Court**").[1]  The parking easement was recorded on August 23, 2006 under King County recording number 20060823001727 (the "**Easement**"). The Easement was granted for the exclusive use of 13 parking spots on the Property.[2]

The extent of Altanatural's knowledge regarding Chelsea Court's use of the parking spots prior to closing is disputed.  New Investments asserts that it told Altanatural about Chelsea Court's use of the parking spots prior to closing the sale of the Property, and that Chelsea Court's use of the parking spots was self-evident because of signage indicating the spots were "reserved" for Chelsea Court.  Altanatural asserts that it became concerned about Chelsea Court's use of the parking spots after the sale occurred, in the spring of 2014.  However, regardless of when Altanatural became aware of Chelsea Court's use of the parking spots, the evidence submitted by New Investments does not indicate that Altanatural actually knew of the Easement prior to closing.

**Occupancy of Property's Rooms**

The PSA stated at Section 5(b):  "**Possession**. Seller shall deliver possession and occupancy to Buyer at Closing, subject only to the rights of tenants in possession[.]."

New Investments, officers of New Investments, and family members of owners and officers of New Investments, and guests and invitees of New Investments, and personal property of the same, have

---

[1] New Investments' President is Shabnam Aziz.  Her father apparently developed the two Chelsea Court condominium projects adjacent to the Property.  *See* Dkt. No. 18.

[2] There appears to be an immaterial dispute of fact regarding the number of parking spots implicated. Altanatural references 16 spots, while New Investments references 13 spots.  The confusion likely stems from the fact that the language of the Easement covers an area that may be used for *up to* 16 parking spots.

occupied various hotel rooms at the Property since closing.[3]   The exact number of rooms being occupied

and the extent of occupation appears to be disputed, but it is admitted that at least some rooms have been

occupied since closing in contravention of the express terms of PSA.  The dispute appears to center

around, but not be limited to, the use of Rooms 227 and 228.  Altanatural has demanded payment and

asked that the occupied rooms be vacated.  No payment has been made on any of the rooms that have

been occupied since closing.

## LEGAL STANDARDS

### Summary Judgment

Federal Rule of Civil Procedure 56(a) provides that "[t]he court shall grant summary judgment if

the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to

judgment as a matter of law."  The moving party bears the initial burden of demonstrating the absence of

a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323(1986).   A fact is material

if it might affect the outcome of the suit under the governing law.   *See Anderson v. Liberty Lobby, Inc.*,

477 U.S. 242, 248 (1986).  When a properly supported motion for summary judgment has been

presented, the adverse party "may not rest upon the mere allegations or denials of his own pleading."  *Id.*

Rather, the non-moving party must set forth specific facts demonstrating the existence of a genuine issue

for trial.  *Id.* at 256.  While all justifiable inferences are to be drawn in favor of the non-moving party,

---

[3] The Response (Dkt. No. 20) asserts that

> The Debtor [New Investments] is a corporation, and it cannot occupy hotel
> rooms on its own. It is not responsible for housing and storage of personal
> property of its principles or Aziz family members. Virtually all property of
> the Debtor was sold to AltaNatural in the transaction.  To the extent that
> the Debtor has "business property" at the Hotel, it should be identified and
> quantified.

Although true that New Investments is a corporation, this response seems disingenuous given the close
relationships between New Investments, New Investments' principals and the Aziz family.

when the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, summary judgment is warranted. *Matsushita Elec. Indus Co. Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986) (internal citations omitted).

Altnatural has moved for summary judgment on its claims for breach of warranty on the covenants contained in the Special Warranty Deed received from New Investments upon the sale of the Property and its claim for breach of the PSA caused by New Investments' failure to relinquish possession of rooms at the Property after closing.

## ANALYSIS

On this Motion for Summary Judgment the facts must be construed in the light most favorable to New Investments.

### A.  The Special Warranty Deed is a "bargain and sale deed" for purposes of RCW 64.04.040.

RCW 64.04.040[4] defines a "bargain and sale deed" as a conveyance of land "substantially in the . . . form" identified in the statute.  The Special Warranty Deed given by New Investments to Altanatural

---

[4] RCW 64.04.040 provides that

> Bargain and sale deeds for the conveyance of land may be <u>substantially in the following form</u>, without express covenants:
>
> The grantor (here insert name or names and place of residence), for and in consideration of (here insert consideration) in hand paid, bargains, sells, and conveys to (here insert the grantee's name or names) the following described real estate (here insert description) situated in the county of . . . . . ., state of Washington. Dated this . . . . day of . . . . . ., 19. . .
>
> <u>Every deed in substance in the above form</u> when otherwise duly executed, <u>shall convey to the grantee,</u> his or her heirs or assigns an estate of inheritance in fee simple, <u>and shall be adjudged an express covenant</u> to the grantee, his or her heirs or assigns, to wit: That the grantor was seized of an indefeasible estate in fee simple, <u>free from encumbrances,</u> done or suffered from the grantor, <u>except the rents and services that may be</u>

matches the statutory language of RCW 64.04.040 nearly word-for-word.  Therefore, I conclude that the

Special Warranty Deed is a "bargain and sale deed" for purposes of RCW 64.04.040, and that RCW

64.04.040 applies to the Special Warranty Deed.[5]

> reserved, and also for quiet enjoyment against the grantor, his or her heirs and assigns, unless limited by express words contained in such deed; and the grantee, his or her heirs, executors, administrators, and assigns may recover in any action for breaches as if such covenants were expressly inserted.

RCW 64.04.040 (emphases added).

[5] Washington Practice, Real Estate § 14.2 states in relevant part:

> This [bargain and sale] deed form contains, of course, only three of the five warranties of the [statutory] warranty deed form. Moreover, the covenants of the bargain and sale deed are only against title defects incurred by the grantor, not against defects that existed on the land when the grantor took title. As Washington has recognized, a deed that contains covenants against only defects incurred by the grantor is sometimes called a "special warranty deed." The bargain and sale deed is designed for use by fiduciaries, such as trustees and administrators, whose nominal interest in land they convey prompts them to limit their liability to only title defects incurred while they hold title. In practice, however, one of the authors has often seen fiduciaries give quitclaim deeds instead of bargain and sale deeds.

(emphases added).  The LexisNexis Practice Guide:  Washington Real Estate Litigation, § 4.03[e], p. 4-8 (2014) states the following about a Washington bargain and sale deed:

> This deed is defined in RCW 64.04.040. A bargain and sale deed in Washington would be called a special warranty deed in many other states. A deed executed in this form conveys the property with the covenant of seisin, covenant of quiet enjoyment, and covenant against encumbrances, but only relating to the time the grantor owned the property…..A bargain and sale deed could also be used in other situations where the grantor is unwilling to make the broad covenants that go along with a warranty deed.

(emphasis added).

**B. New Investments breached the covenant of quiet enjoyment and the covenant against encumbrances contained in the Special Warranty Deed.**

Every bargain and sale deed carries with it the covenant of quiet enjoyment and the covenant against encumbrances. *See* RCW 64.04.040; *see also* 18 Wash. Prac. Real Estate § 14.3. Deed Covenants (2d. Ed. 2015). Here, at the time the Special Warranty Deed was conveyed, the Easement (which was recorded in 2006) was an encumbrance against the Property. The Special Warranty Deed listed 20 exceptions to the covenants, but did <u>not</u> identify the Easement. New Investments breached the covenant of quiet enjoyment and the covenant against encumbrances in the Special Warranty Deed by conveying the Property to Altanatural with the un-excepted Easement.

**C. Altanatural's alleged knowledge of the Easement is irrelevant to enforcement of the covenants contained in the Special Warranty Deed.**

With regard to enforcement of the covenants contained in the Special Warranty Deed, it is irrelevant whether Altanatural knew the Property was encumbered by the Easement or otherwise knew of Chelsea Court's use of the parking spots. In *Fagan v. Walters*, the Washington Supreme Court established that:

> It is a well-settled rule that knowledge by the grantee at the time of the conveyance, of the existence of ... a defect in the grantor's title, does not control the force and effect of the express covenants in the deed, or affect the question of breach.

115 Wn. 454, 457 (1921). *Fagan* was later relied upon and cited to in *Foley v. Smith*, where the court stated:

> Such covenants warrant against <u>known</u> as well as unknown defects, and grantees with knowledge of an encumbrance have the <u>right to rely</u> on the covenants in the deed for their protection. The purpose of the covenant is protection against defects, and to hold that grantees can be protected only against unknown defects would rob the covenant of much of its value and destroy the force of its language.

14 Wn. App. 285, 293-93 (1975) (emphasis added).

**D.  New Investments is not entitled to rescission based on the "Snap-up" Doctrine because no proof has been presented that Altanatural had knowledge of the actual Easement prior to closing.**

The Snap-up Doctrine has been applied to grant relief to a party making a unilateral mistake where the resulting contract is "too good to be true" at the time of execution, and the other party to the contract knows of that party's mistake and proceeds to exploit them.  *See e.g.*, *Wender Presses, Inc. v. U.S.*, 343 F.2d 961, 963 (1965).  The Snap-Up Doctrine is frequently applied in bidding situations, and the remedy associated with it is rescission of the contract.[6]  *See id.* at 488.

Here, even assuming that New Investments made a mistake by failing to include the Easement among the listed exceptions, the record does not indicate that Altanatural knew about the Easement prior to closing or otherwise knew of New Investments' mistake in failing to include it as an exception to the Special Warranty Deed.

Shabnam Aziz asserts in her declaration that prior to closing she told Altanatural that "the Hotel was allowing Chelsea Court II the use of 13 parking spots," and pictures attached to the Declaration of Mahmoud Aziz show "reserved" signs on the parking spots themselves.  *See* Dkt. Nos. 18 and 19.  It is further asserted that because representatives of Altanatural toured and resided at the Property, use of the parking spots should have been self-evident because of use and signage.  However, even if true, these facts do not establish that Altanatural knew about the Easement.[7]  If true, they establish that Altanatural knew about Chelsea Court's *use* of the parking spots.  Permitting use of the parking spots is equally

---

[6] Because I find that the Snap-up Doctrine does not apply on its face, I need not reach the question of whether the Snap-up Doctrine would be appropriately applied in the context of a long-negotiated purchase and sale agreement culminating in a bargain and sale deed.

[7] Although New Investments' Response (Dkt. No. 20) asserts that "Dr. Xiong was advised by Shabie Aziz on several occasions . . . that there was an active easement," the declarations in the record do not go so far as to say that Altanatural knew about the actual Easement.  They assert that Altanatural knew Chelsea Court was using the parking spots.

consistent with a rental arrangement, license agreement, or mere neighborly gesture.  This is especially true since Ms. Aziz's father was the developer of Chelsea Court; a friendly relationship would make sense.  Notably, the declarations submitted by New Investments do not indicate that Altanatural was informed about the actual Easement prior to closing.  Therefore, Altanatural's lack of knowledge regarding the actual Easement has not been put in genuine dispute by the evidence presented.

Moreover, the record does not suggest that New Investments was in any way "exploited" by Altanatural.  The PSA and Special Warranty Deed were executed following very lengthy negotiations by sophisticated parties.  There was no "snap-up."

Finally, the remedy associated with the Snap-up Doctrine is rescission of the contract; not reformation.  At this point, rescission of the PSA would be impracticable if not impossible.

**E.  New Investments is not entitled to reformation based on unilateral mistake.**

"A party is entitled to reformation of a contract for unilateral mistake when it proves by clear and convincing evidence that there is a valid antecedent agreement and he or she has been induced by the other contracting party's inequitable conduct to mistakenly enter into a written agreement that does not reflect the antecedent agreement."  *N. Coast Elec. Co. v. Ariz. Elec. Serv.*, 2010 Wash. App. LEXIS 1914 (Aug. 23, 2010).

Here, New Investments has not asserted any particular antecedent agreement regarding the Easement and it has not alleged that it was induced by Altanatural's inequitable conduct to mistakenly enter into the PSA or Special Warranty Deed.  At most, New Investments has asserted that it made a mistake in failing to include the Easement as an exception to the Special Warranty Deed and that Altanatural knew Chelsea Court was using the parking spaces.  Although New Investments asserted that Altanatural was on "inquiry notice" of the Easement, that argument is inapposite in this context.

Altanatural is not purporting to be a bona fide purchaser for value; it was the recipient of a bargain and sale deed under RCW 64.04.040.

**F.  Vague assertions of bad faith are not actionable.**

New Investments generally asserts that Altanatural has failed to deal with it fairly and in good faith.  New Investments asserts that Altanatural has breached the PSA by failing to make payments when due and that Altanatural has repeatedly sought to better its financial position with regard to the purchase of the Property by asking for numerous concessions.  New Investments also asserts that Altanatural acted in bad faith by failing to disclose the Easement to the title company.

New Investments' allegations of bad faith and unclean hands are too generalized to create a defense or genuine dispute of fact regarding the relief sought by Altanatural.  Vague allegations regarding Altanatural's desire to obtain financial relief from its commitments in the PSA are irrelevant to the merits of Altanatural's asserted claims regarding breach of the covenants.  Further, as set forth above, the evidence submitted by New Investments does not indicate that Altanatural knew about the actual Easement.

**G.  Genuine disputes of material fact exist regarding New Investments' possession and occupancy of the Property.**

The PSA required New Investments to deliver possession and occupancy of the Property to Altanatural at closing.  At closing and thereafter, New Investments or those acting on its behalf or with its authority, have occupied hotel rooms personally or with property in apparent contravention of the express terms of the PSA.  Relying upon the doctrines of waiver and/or estoppel, New Investments asserts that such occupation of the hotel rooms was permitted and/or is permissible.  Genuine disputes of material fact exist regarding exactly how many rooms are being occupied and the circumstances surrounding the occupation of same.  The facts in the record are muddled.  Therefore, I deny the Motion

for Summary Judgment regarding breach of the PSA for not providing possession and occupancy at closing.

## **CONCLUSION**

For the reasons set forth herein, Altanatural's Motion for Summary Judgment is granted in part and denied in part.

/// END OF ORDER ///

Entered on Docket May 6, 2016

**Below is the Order of the Court.**



Marc Barreca
**U.S. Bankruptcy Judge**
**(Dated as of Entered on Docket date above)**

---

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| In re: | Case No. 13-10948-MLB |
| **New Investments, Inc.,** | |
| Debtor. | |
| **Altanatural Inc.,** | Adversary No. 15-01188-MLB |
| Plaintiff, | |
| v. | **FINDINGS OF FACT AND CONCLUSIONS OF LAW FOLLOWING TRIAL** |
| **New Investments, Inc.,** a Washington corporation, | |
| Defendant | |

This matter came before me for trial on March 10 and 11, 2016.  I previously entered an Order

Granting in Part and Denying in Part Plaintiff's Motion for Partial Summary Judgment.  *See* Dkt. No.

25.  At trial, Plaintiff, Altanatural, Inc. ("**Altanatural**") was represented by Gulliver Swenson of Ryan

Swanson & Cleveland PLLC.  The Debtor-Defendant, New Investments, Inc. ("**New Investments**" or

the "**Debtor**") was represented by Lawrence K. Engel of the Law Offices of Lawrence Engel. At the conclusion of trial, I took the matter under advisement and requested further briefing. *See* Dkt. No. 60.

I have considered the testimony presented at trial, the exhibits admitted into evidence, the additional briefing, and the arguments of counsel. Being fully advised, I make the following findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052. To the extent findings of fact are characterized as conclusions of law, or vice versa, they should be construed as though recited in their appropriate respective sections.

## I.   FINDINGS OF FACT

1. On September 12, 2013, this Court approved the Commercial Real Estate Purchase and Sale Agreement and three addendums between New Investments and Altanatural (collectively, the "**Purchase and Sale Agreement**"). Under the Purchase and Sale Agreement, Altanatural purchased real property and a hotel located at 12233 Totem Lake Way, Kirkland, Washington, 98034 (the "**Hotel Property**") for $6,325,228.00.

2. The Purchase and Sale Agreement required New Investments to (1) deliver a Special Warranty Deed to Altanatural conveying the property with only those encumbrances permitted by the deed, and (2) provide quiet possession of the Hotel Property and clear, marketable title at closing. In exchange, Altanatural paid the $6,325,228.00 purchase price via a $3,000,000.00 down payment and a $3,325,228.00 promissory note executed in favor of New Investments. The promissory note was secured by a deed of trust against the Hotel Property. The Hotel Property has been at all relevant times used for the operation of a hotel and a restaurant.

3. The Purchase and Sale Agreement and the payments due under the promissory note were incorporated into New Investments' Second Amended Plan of Reorganization (the "**Plan**"). Altanatural and New Investments closed the sale on October 4, 2013.

4. Altanatural and New Investments agreed that New Investments' President, Shabnam Aziz, would train and assist Altanatural following the closing and that she could stay in guest room 227 on

the Hotel Property during this training. Altanatural did not expressly give consent to New Investments occupying any other rooms.

5. Immediately following closing, New Investments and/or the Aziz family, principals and invitees of New Investments, occupied ten storage rooms, and guest rooms 153, 154, 156, 227, and 228. It was unclear from the testimony whether New Investments was occupying two offices in a manner which would prevent Altanatural from utilizing the offices.

6. In spring of 2014, Altanatural learned that New Investments had failed to disclose an easement for the exclusive use of up to 16 parking spots that New Investments had granted to its neighbor, Chelsea Courte Phase II, LLC (the "**Parking Easement**").[1] The Parking Easement runs with the land and was asserted by Chelsea Courte Phase II, LLC as providing it with paramount rights to the portion of Altanatural's property covered by the Parking Easement.

7. The Parking Easement is important to Altanatural because Altanatural purchased the Hotel Property, in part, because the Hotel Property provided expansion potential. The Hotel Property, including the Parking Easement, has significant excess land on which Altanatural could expand the hotel and increase the number of rooms. Prior to purchasing the Hotel Property, New Investments and Altanatural had discussions about the expansion potential, including New Investments showing Altanatural plans it had drawn up for an expansion. Altanatural had also planned to improve the hotel occupancy, open a brand new restaurant, re-open a restaurant and bar in the former restaurant spot, and create a tea room. All of Altanatural's uses require as much available parking as possible.

8. Altanatural made the required monthly interest payments from closing until November 2014. Altanatural paid over $180,000.00 in interest on the promissory note.

9. Up until about mid-November 2014, William Xiong, the Executive Vice President of Altanatural ("**Dr. Xiong**"), and Shabnam Aziz, the President, New Investments worked to amicably resolve issues related to the Hotel Property.  During this time, Dr. Xiong, on behalf of Altanatural, acquiesced in New Investments' use of the occupied storage rooms, offices, and guest rooms.

---

[1] Although the Easement provides for the use of "up to 16 parking spots" within the defined area, the Easement is only causing the loss of 14 of the Hotel Property's parking spots.

10. Altanatural delivered a letter dated November 13, 2014 to New Investments and its counsel. Altanatural demanded that New Investments pay for its use of the rooms. Altanatural further demanded that New Investments honor its warranties of title and indemnify Altanatural or otherwise have the Parking Easement removed as an encumbrance.

11. After New Investments failed to address its various defaults identified in the November 13, 2014 letter, Altanatural suspended payments under the promissory note. Altanatural withheld the November and December interest payments and the December 31, 2014 balloon payment.

12. Altanatural has two sources of funding: (1) the operations of the hotel, and (2) the personal finances of its sole owner, Zhiqiang Wang. Through both of these sources, Altanatural had sufficient funds to make the payments due under the promissory note. At all times, Altanatural was prepared to pay the amounts due under the note upon New Investments' cure.

13. The Disbursing Agent, through counsel, declared Altanatural in default of the promissory note and deed of trust and a Notice of Trustee's Sale was issued.

14. Altanatural communicated New Investments' defaults to the Disbursing Agent's counsel and stated its position that Altanatural is not in default because of New Investments' breach, but the Disbursing Agent refused to request discontinuance of the trustee's sale and continued to take the position that a default existed.

15. Altanatural and New Investments negotiated from February 2015 forward in an attempt to resolve the disputes. The negotiations were handled primarily by Dr. Xiong for Altanatural and by Moe Aziz for New Investments.

16. The owners of New Investments, Sheraly Aziz and Zeri Aziz, and the President of New Investments, Shabnam Aziz, designated their family member, Moe Aziz, to spearhead the negotiations on behalf of New Investments because the owner of Altanatural is Chinese, and Moe Aziz spoke Chinese and understood the culture.

17. In March 2015, the parties reached an agreement on the material terms of a resolution:  a balloon payment of $2,990,000.00 (reduced from $3,325,228.00) from Altanatural to New Investments; allocation of the payment in a manner proposed by New Investments; and a right for New Investments to use the hotel rooms on the Property through December 31, 2015 (the "**Settlement Agreement**").

18. The Settlement Agreement was never approved by the Court.

19. During the period of unauthorized occupancy, from mid-November 2014 through December 2015 (the "**Unauthorized Occupancy**"), storage rooms 1-7, 9, and 10 contained items that went with the hotel and/or were not occupied.  Storage room 8 contained non-hotel items and was occupied for 377 days.  It was unclear from the testimony presented whether the two offices were occupied by New Investments in a manner that would preclude Altanatural's use of the offices.  Guest rooms 153, 154 and 156 were not occupied.

20. Guest room 228 was occupied by Shabnam Aziz, and guest room 227 was occupied by her parents, Sheraly Aziz and Zeri Aziz, from mid-November 2014 through October 2015.

21. The applicable measure of damages for New Investments' breach of the Purchase and Sale Agreement and Statutory Warranty Deed by occupying rooms at the hotel is the fair rental value of the guest rooms and damages caused by loss of the storage rooms.

22. The fair rental value of the guest rooms occupied by New Investments is the average daily rate plus $15.00 (to account for the quality of the rooms) per day.

23. Altnatural was damaged by its loss of use of the storage rooms.  Based on the testimony of Dr. Xiong, the cost of renting equivalent offsite storage is approximated at $10 per day per storage room.

24. The Parking Easement inhibits the potential for Altanatural to efficiently and effectively expand the Hotel Property. The value of the Hotel Property as of closing was $6,775,000.00. The Parking Easement caused a diminution of value.

25. Mark Lukens is qualified as an expert witness in the field of real property appraisals, specializing in hospitality appraisals such as hotels. Mr. Lukens is qualified to give his opinion on the diminution of value caused by the Parking Easement.  I found him to be knowledgeable and credible.

26. Mr. Lukens testified that the Hotel Property currently has 59 units.  The highest and best use of the Hotel Property is to use it as a hotel, but to expand its current size by approximately 20 units, to 79 units.  Adding approximately 20 units is consistent with what both New Investments and Altanatural had intended for the Hotel Property.  The land on which the Hotel Property sits is larger than is required for the hotel's current size.

27. Based on Mr. Lukens testimony, it is generally agreed by those in the hospitality industry that hotels of this type, in this area, require one parking spot per unit.

28. The existing parking lot has 91 spots, 14 of which are taken up by the Parking Easement. Effectively, then, the Hotel Property has 77 parking spots. The existing parking lot could be reconfigured to add an additional 4 spots, so there could be up to 81 spots.

29. Adding an additional 20 units to the Hotel Property - at grade, slightly smaller in size than the existing units - would consume 16 existing parking spots. The parking lot can be reconfigured to add an additional four surface parking spots at the same time. The Hotel Property would then have 79 units and 65 parking spots. Therefore, the Hotel Property would be short 14 parking spots. (81-16+14=79).

30. Mr. Lukens opined that the diminution in value to the Hotel Property was $775,000, based on the loss of 14 parking spots, because the lack of parking would effectively preclude adding 20 units to the Hotel Property. The $775,000 figure was based on his analysis of the difference in value between the present 59 unit hotel with the capacity to be expanded to 79 units, and the 59 unit hotel without the capacity to be expanded to 79 units.

31. However, although no comprehensive construction analysis was presented, Mr. Lukens testified that under unit parking would likely be feasible in some configuration and that it would cost approximately $25,000 more per unit to build under unit parking. Therefore, the cost of building 14 under unit parking spots would be $350,000. (14 x $25,000). The fair market value of the Hotel Property is therefore diminished by $350,000 due to the Parking Easement.

## CONCLUSIONS OF LAW

1. This court has jurisdiction pursuant to 28 USC § 1334 and 28 USC § 157 as well as the terms of the Plan approved by this court. The parties have either expressly or implicitly consented to final adjudication by the bankruptcy court.

2. Federal Rule of Bankruptcy Rule 9019 ("**Rule 9019**") requires court approval of settlement agreements. Rule 9019 is not necessarily applicable in all post-confirmation settings.

3. Based on several provisions of New Investments' Plan, I interpret the Plan to require court approval of the Settlement Agreement proposed by the parties. First, the Plan and confirmation

order effectively provide for retention of the assets in trust for the bankruptcy estate, rather than revesting of the assets in the reorganized debtor.  Second, the Plan provides that settlement of claim objections involving claims in excess of $10,000 require notice and court approval, largely in accordance with Rule 9019.  *See* Plan, § 14.5(d).  Finally, the Plan provides for the ability to sell the Altanatural promissory note and deed of trust for a discount, but only after notice and a hearing.  *See* Plan §14.7.  Thus under the structure of the Plan, any significant transaction, including settlements, potentially affecting eventual distributions to creditors, requires court approval.

4. Therefore, regardless of whether Moe Aziz had actual or apparent authority to negotiate and bind New Investments, and regardless of the Settlement Agreement's reasonableness, the Settlement Agreement was not approved by the Court and is not enforceable.

5. New Investments breached the Purchase and Sale Agreement and Special Warranty Deed by occupying various hotel rooms and storage rooms at the Hotel Property after the date of Altanatural's November 13, 2014 letter.

6. Altanatural is entitled to damages for New Investments' breach.

7. During the Unauthorized Occupancy, New Investments occupied storage room 8.

8. From mid-November 2015 through October 2015, New Investments occupied guest rooms 227 and 228.

9. The fair rental value owed to Altanatural for the occupation of the storage room and guest rooms is $65,848.

10. Altanatural failed to prove that New Investment's use of the offices precluded use of the offices by Altanatural.

11. New Investments breached the Purchase and Sale Agreement and covenant of quiet enjoyment and the covenant against encumbrances in the Special Warranty Deed by conveying the Hotel Property to Altanatural with the un-excepted Parking Easement. *See also* Dkt. No. 25.

Altanatural is entitled to the diminution of value of the Hotel Property caused by New Investments' breach.[2]

12. The diminution of value is based on the effect of the lost parking spots due to the Parking Easement as of October 4, 2013 on the fair market value of the Hotel Property, and the cost of replacing the parking spots.  The diminution of value is $350,000.

13. Altanatural was legally justified in suspending its payments under the promissory note because of New Investments' material breach.

14. Altanatural is entitled to a judgment against New Investments in the total amount of $415,848.  This judgment amount should be recouped against the principal balance owing on the promissory note.

15. Altanatural shall be considered the prevailing party.

16. Altanatural shall be entitled to request additional amounts post trial via written briefing, including pre- and post-judgment interest, attorney fees and costs, trustee's fees, appraisal fees, and other costs and fees allowable under the various agreements between the parties.  I will address by post-trial motion any unresolved issues as to calculation of the adjusted promissory note balance.

### /// END OF ORDER ///

---

[2] Altanatural asserted trespass as an alternative cause of action for the unauthorized occupancy of rooms at the Hotel Property.  I need not address trespass given my conclusion that the Purchase and Sale Agreement was breached.

**Below is the Judgment of the Court.**



_____

**Marc Barreca**
**U.S. Bankruptcy Court Judge**
**(Dated as of Entered on Docket date above)**

_____

## IN THE UNITED STATES BANKRUPTCY COURT
### WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

In Re:

NEW INVESTMENTS, INC.,

                                    Debtor.

_____

ALTANATURAL CORPORATION,

                             Plaintiff,

     vs.

NEW INVESTMENTS, INC., a Washington corporation,

                             Defendant.

_____

BANKRUPTCY NO. 13-10948 MLB

**ADVERSARY NO. 15-01188 MLB**

**JUDGMENT**

    **THIS MATTER** having come before the Court on July 21, 2016 and on August 18, 2016 upon plaintiff Altanatural Corporation's Motion for (1) Entry of Judgment, (2) Award of Attorney's Fees and Costs, (3) Distribution of Proceeds from the Disbursing Agent, and (4) Reconveyance of Deed of Trust, and the Court having reviewed the Motion and the Declaration of Gulliver Swenson, with the attached exhibits, the Defendant's Response to Plaintiff's Motion For Entry of Judgment and Post-Trial Submissions; Reply to Defendant's

JUDGMENT - 1

1324072.03

RS  Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224 | Fax 206.583.0359

**Below is the Judgment of the Court.**

1  Response to Plaintiff's Motion for Entry of Judgment and Post-Trial Submissions;

2  Defendant's Supplemental Memorandum on Motion for Entry of Judgment and Post-Trial

3  Submissions; Additional Briefing on Application of Recoupment and Accrual of Interest

4  During Suspension; and the records and files herein and being otherwise fully advised.

5       At the hearing on August 18, 2016, the Court made an oral ruling on the record upon

6  plaintiff Altanatural Inc.'s Motion for (1) Entry of Judgment, (2) Award of Attorney's Fees

7  and Costs, (3) Distribution of Proceeds from the Disbursing Agent, and (4) Reconveyance of

8  Deed of Trust.  That oral ruling is incorporated into this Judgment.  The Court previously

9  entered its Findings of Fact and Conclusions of Law on May 6, 2016 [ECF Dkt No. 63]. The

10  Court also orally amended its Findings of Fact and Conclusions of Law [ECF Dkt No. 63],

11  including expanding upon and amending Conclusion of Law No. 13, and its oral amendment

12  shall be incorporated into the Findings of Fact and Conclusions of Law by reference.

13  <u>**JUDGMENT SUMMARY**</u>

| | | |
|---|---|---|
| 14 | 1. Judgment Creditor: | ALTANATURAL CORPORATION |
| 15 | 2. Judgment Debtors: | NEW INVESTMENTS, INC. |
| 16 | 3. Principal Judgment Amount: | $415,848.00 |
| 17 | 4. Costs: | $4,668.76 |
| 18 | 5. Attorneys' Fees: | $67,472.60 |
| 19 | 6. Total Judgment Amount | $487,989.36 |
| 20–22 | 8. Attorneys for Judgment Creditor: | Gulliver Swenson<br>Ryan, Swanson & Cleveland, PLLC<br>1201 Third Avenue, Suite 3400<br>Seattle, WA  98101-3034 |
| 23–25 | 9. Attorneys for Defendant | Lawrence K. Engel<br>Attorney at Law<br>40 Lake Bellevue Drive<br>Bellevue, WA 98005 |

26

JUDGMENT - 2

1324072.03

RS  Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224  |  Fax 206.583.0359

31

Case 15-01188-MLB   Doc 76   Filed 08/26/16   Ent. 08/26/16 14:39:47   Pg. 2 of 4

**Below is the Judgment of the Court.**

1   10.    Judgment Amount shall bear interest at .56% per annum.

2                                   **JUDGMENT**

3          Based on the above, it is therefore

4          ORDERED, ADJUDGED AND DECREED that the total judgment amount of

5   $487,989.36 is hereby entered against NEW INVESTMENTS, INC., which total judgment

6   amount shall accrue interest at the rate of .56% per annum until the judgment is paid in full;

7   and it is further

8          ORDERED, ADJUDGED AND DECREED that Altanatural Corporation is entitled to

9   a declaratory judgment that Altanatural Corporation was justified in suspending payments

10  under the certain Promissory Note dated October 4, 2013 granted by Altanatural Corporation

11  to New Investments, Inc.; and it is further,

12         ORDERED, ADJUDGED AND DECREED that the Judgment shall be recouped

13  against the principal amount due at the time Altanatural Corporation suspended payments –

14  $3,325,288.00 – under the certain Promissory Note granted by Altanatural Corporation to

15  New Investments, Inc. and that after the Judgment is recouped against the principal amount

16  due there shall be a remaining principal amount due under the promissory note of

17  $2,837,298.70; and it is further,

18         ORDERED, ADJUDGED AND DECREED that the $2,990,000.00 payment made by

19  Altanatural Corporation during its justified suspension of payments, which has been

20  previously applied to the outstanding amount due under the note and portions of which have

21  been distributed to creditors, shall be applied against the $2,837,298.70 resulting in an

22  overpayment of $152,761.30 by Altanatural; and it is further,

23         ORDERED, ADJUDGED AND DECREED that the Disbursing Agent shall disburse

24  the sum of $152,761.30 to Altanatural; and it is further,

25         ORDERED, ADJUDGED AND DECREED that the Disbursing Agent shall deliver a

26  Request for Reconveyance to WKG, Inc. reconveying the certain Deed of Trust granted by

JUDGMENT - 3

1324072.03

R|S    Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224 | Fax 206.583.0359

**Below is the Judgment of the Court.**

1  Altanatural Corporation to New Investments, Inc. and that WKG, Inc. shall file and record a

2  full reconveyance of the Deed of Trust; and it is further,

3      ORDERED, ADJUDGED AND DECREED that the Disbursing Agent shall act

4  promptly in carrying out the requirements contained in this judgment; it is further,

5      ORDERED, ADJUDGED AND DECREED that there is no just reason for delay, and

6  this judgment is to be entered forthwith in that any and all issues between the parties herein on

7  all claims have been fully adjudicated as per B.R. 7054 and F.R.Civ.P.54 (b); and it is further,

8      ORDERED, ADJUDGED AND DECREED that any and all actions by the Disbursing

9  Agent provided for herein are hereby stayed for a period of fourteen (14) days after the entry

10  of this Judgment, as per B.R. 7062 and F.R.Civ.P. 62 (a); and it is further,

11      ORDERED, ADJUDGED AND DECREED that Plaintiff's claim for a refund of

12  security payments on for the injunction of the Deed of Trust foreclosure sale in the amount of

13  $27,697.32 shall be asserted in Adv. Proceeding No. A15-01289-MLB and is not part of the

14  relief granted herein.

15                          // END OF ORDER //

16

17  Prepared and Presented by:

18  RYAN, SWANSON & CLEVELAND PLLC

19

20   /s/ Gulliver Swenson
     Gulliver A. Swenson, WSBA #35974
21   Counsel for AltaNatural Corporation, Plaintiff

22  Approved for Entry; Notice of Presentation Waived:

23

24   /s/ Lawrence Engel
     Lawrence K. Engel, WSBA #8421
25   Counsel for New Investments, Inc., Defendant

26

JUDGMENT - 4

1324072.03

RS   Ryan, Swanson & Cleveland, PLLC
     1201 Third Avenue, Suite 3400
     Seattle, WA 98101-3034
     206.464.4224 | Fax 206.583.0359

Lawrence K. Engel                          Hon. Marc L. Barreca
Attorney at Law                            Chapter 11
40 Lake Bellevue #100
Bellevue, WA  98005
(425) 454-5500


## UNITED STATES BANKRUPTCY COURT

## FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In Re<br>NEW INVESTMENT, INC.<br><br>      Debtor.<br><br>_____<br><br>ALTANATURAL CORPORATION<br>       Plaintiff,<br><br>   vs.<br><br>NEW INVESTMENTS, INC.<br>       Defendant. | Case No. 13-10948-MLB<br><br><br><br><br>ADVERSARY PROCEEDING<br>NO. A15-01188 |

## NOTICE OF APPEAL AND STATEMENT OF ELECTION (Official Form 417A)


### Part 1: Identify the appellant(s)

1. Name(s) of appellant(s):

   New Investments, Inc., Defendant
   _____

2. Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

   Official Form 417A (12/15) -- Notice of Appeal and Statement of Election--1

For appeals in an adversary proceeding.

☐ Plaintiff

☑ Defendant

☐ Other

or appeals in a bankruptcy case and not in an

adversary proceeding.

☐ Debtor
☐ Creditor
☐ Trustee
☐ Other (describe) _____

## **Part 2:  Identify the subject of this appeal**

1. Describe the judgment, order, or decree appealed from:
   a. Order Granting in Part and Denying in Part Plaintiff's Motion to Summary Judgment of Liability for Breach of Contract [filed at ECF Docket No. 25, a true copy of which is attached hereto and incorporated herein by reference as **Exhibit A**];
   b. Judgment for Plaintiff against Defendant in the amount of $487,989.36 [filed at ECF Docket No. 76, a true copy of which is attached hereto and incorporated herein by reference as **Exhibit B**].

2. State the date on which the judgment, order, or decree was entered: Order Granting Partial Summary Judgment, November 12, 2015 at ECF Docket No. 25 (Interlocutory Order); Judgment, August 26, 2016 at ECF Docket No. 76.

## **Part 3: Identify the other parties to the appeal**

List the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

| | |
|---|---|
| 1.  Party: Appellant (Defendant), New Investments, Inc. | Attorney:  Lawrence K. Engel Attorney at Law 40 Lake Bellevue #100 Bellevue, WA  98005 (425) 454-5500 Fax: 1 (425) 974-2365 Email: engelonwroy@hotmail.com |
| 2.  Party: Appellee (Plaintiff), AltaNatural Corporation | Attorney: Gulliver A. Swenson Ryan Swanson & Cleveland PLLC 1201 3rd Ave. Suite 3400 Seattle, WA  98101 (206) 654-4224 Fax: (206) 652-2904 Email: swenson@ryanlaw.com |

Official Form 417A (12/15) -- Notice of Appeal and Statement of Election--2

35

**Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts)**

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court. If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below. Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

☑Appellant(s) elects to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

**Part 5: Sign below**

| /s/ Lawrence K. Engel | DATED:  August 27, 2016 |
|---|---|
| LAWRENCE K. ENGEL, WSBA #8421<br>Counsel for New Investments, Inc.,<br>Appellant/Defendant<br>40 Lake Bellevue #100<br>Bellevue, WA  98005<br>(425) 454-5500 | |

Official Form 417A (12/15) -- Notice of Appeal and Statement of Election--3

36

Entered on Docket November 12, 2015

**Below is the Order of the Court.**

Marc Barreca
**U.S. Bankruptcy Judge**
(Dated as of Entered on Docket date above)

1

2

3

4

5

6

7

8

9    **UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF WASHINGTON AT SEATTLE**

10

11   In re:                                                    Case No. 13-10948-MLB

12   New Investments Inc.,

13                              Debtor.

14   **Altanatural Inc.,**                                      Adversary No. 15-01188-MLB

15                              Plaintiff,                      **ORDER GRANTING IN PART AND**
                                                              **DENYING IN PART PLAINTIFF'S**
16            v.                                               **MOTION FOR PARTIAL SUMMARY**
                                                              **JUDGMENT ON LIABILITY FOR**
17   **New Investments Inc.,**                                  **BREACH OF CONTRACT**

18                              Defendant.

19

20

21          THIS MATTER, Plaintiff's Motion for Partial Summary Judgment on Liability for Breach of

22   Contract (the "**Motion for Summary Judgment**," Dkt. No. 7), came before me on October 8, 2015.

23   Plaintiff, Altanatural Inc. ("**Altanatural**" or "**Plaintiff**"), was represented by Ryan, Swanson &

24   Cleveland, PLLC and Gulliver Swenson, and defendant, New Investments Inc. ("**New Investments**" or

25

**Exhibit____A____**

15-01188-MLB Order Granting in Part and Denying in Part - 1

"**Defendant**") was represented by Larry K. Engel, Attorney at Law.  At the conclusion of oral arguments, I requested further submissions and took the matter under advisement.

Having considered the pleadings, evidence, further submissions, and arguments of counsel, and otherwise being fully advised, I grant in part and deny in part the Motion for Summary Judgment.

## JURISDICTION

I have jurisdiction over the parties and the subject matter of this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding.  Venue is proper in the Western District of Washington, pursuant to 28 U.S.C. § 1409.

## UNDISPUTED FACTS

**Special Warranty Deed**

On September 12, 2013, I approved the Commercial Real Estate Purchase and Sale Agreement Washington and three addendums between New Investments and Altanatural (collectively, the "**PSA**"). Under the PSA, Altanatural purchased the land and improvements located at 12333 NE Totem Lake Way Kirkland, Washington (the "**Property**") from New Investments.

The PSA required New Investments to (1) deliver a Special Warranty Deed (the "**Special Warranty Deed**") to Altanatural conveying the property with only those encumbrances permitted by the Special Warranty Deed, and (2) deliver possession and occupation of the Property at closing. Altanatural and New Investments closed the sale on October 4, 2013.

The Special Warranty Deed provided that:

> THE GRANTOR, NEW INVESTMENTS, INC., a Washington corporation, for and in consideration of Ten Dollars ($10.00) and other good and valuable consideration, in hand paid, bargains, sells, and conveys to ALTANATURAL CORPORATION, a Washington corporation, the following described real estate, situated in the County of King, State of Washington:

See <u>Exhibit A</u> attached hereto and incorporated herein by this reference; SUBJECT TO those liens and encumbrances set forth on <u>Exhibit B</u> attached hereto an incorporated herein by this reference . . .

The Special Warranty Deed identified 20 permitted exceptions to title.  However, the Special Warranty Deed did <u>not</u> identify a parking easement that New Investments had granted to a neighboring condominium complex, Chelsea Court II, LLC ("**Chelsea Court**").[1]  The parking easement was recorded on August 23, 2006 under King County recording number 20060823001727 (the "**Easement**"). The Easement was granted for the exclusive use of 13 parking spots on the Property.[2]

The extent of Altanatural's knowledge regarding Chelsea Court's use of the parking spots prior to closing is disputed.  New Investments asserts that it told Altanatural about Chelsea Court's use of the parking spots prior to closing the sale of the Property, and that Chelsea Court's use of the parking spots was self-evident because of signage indicating the spots were "reserved" for Chelsea Court.  Altanatural asserts that it became concerned about Chelsea Court's use of the parking spots after the sale occurred, in the spring of 2014.  However, regardless of when Altanatural became aware of Chelsea Court's use of the parking spots, the evidence submitted by New Investments does not indicate that Altanatural actually knew of the Easement prior to closing.

**Occupancy of Property's Rooms**

The PSA stated at Section 5(b):  "**Possession**.  Seller shall deliver possession and occupancy to Buyer at Closing, subject only to the rights of tenants in possession[.]."

New Investments, officers of New Investments, and family members of owners and officers of New Investments, and guests and invitees of New Investments, and personal property of the same, have

---

[1] New Investments' President is Shabnam Aziz.  Her father apparently developed the two Chelsea Court condominium projects adjacent to the Property.  *See* Dkt. No. 18.

[2] There appears to be an immaterial dispute of fact regarding the number of parking spots implicated. Altanatural references 16 spots, while New Investments references 13 spots.  The confusion likely stems from the fact that the language of the Easement covers an area that may be used for *up to* 16 parking spots.

15-01188-MLB Order Granting in Part and Denying in Part - 3
   Case 15-01188-MLB   Doc 25   Filed 11/12/15   Ent. 11/12/15 13:48:17   Pg. 3 of 11
Case 15-01188-MLB   Doc 77-1   Filed 08/27/16   Ent. 08/27/16 13:53:20   Pg. 3 of 11

39

occupied various hotel rooms at the Property since closing.[3]  The exact number of rooms being occupied and the extent of occupation appears to be disputed, but it is admitted that at least some rooms have been occupied since closing in contravention of the express terms of PSA.  The dispute appears to center around, but not be limited to, the use of Rooms 227 and 228.  Altanatural has demanded payment and asked that the occupied rooms be vacated.  No payment has been made on any of the rooms that have been occupied since closing.

## LEGAL STANDARDS

### Summary Judgment

Federal Rule of Civil Procedure 56(a) provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323(1986).   A fact is material if it might affect the outcome of the suit under the governing law.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  When a properly supported motion for summary judgment has been presented, the adverse party "may not rest upon the mere allegations or denials of his own pleading." *Id.* Rather, the non-moving party must set forth specific facts demonstrating the existence of a genuine issue for trial. *Id.* at 256.  While all justifiable inferences are to be drawn in favor of the non-moving party,

---

[3] The Response (Dkt. No. 20) asserts that

> The Debtor [New Investments] is a corporation, and it cannot occupy hotel rooms on its own. It is not responsible for housing and storage of personal property of its principles or Aziz family members. Virtually all property of the Debtor was sold to AltaNatural in the transaction.  To the extent that the Debtor has "business property" at the Hotel, it should be identified and quantified.

Although true that New Investments is a corporation, this response seems disingenuous given the close relationships between New Investments, New Investments' principals and the Aziz family.

15-01188-MLB Order Granting in Part and Denying in Part - 4
   Case 15-01188-MLB   Doc 25   Filed 11/12/15   Ent. 11/12/15 13:48:17   Pg. 4 of 11
Case 15-01188-MLB   Doc 77-1   Filed 08/27/16   Ent. 08/27/16 13:53:20   Pg. 4 of 11

40

when the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, summary judgment is warranted. *Matsushita Elec. Indus Co. Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986) (internal citations omitted).

Altnatural has moved for summary judgment on its claims for breach of warranty on the covenants contained in the Special Warranty Deed received from New Investments upon the sale of the Property and its claim for breach of the PSA caused by New Investments' failure to relinquish possession of rooms at the Property after closing.

## ANALYSIS

On this Motion for Summary Judgment the facts must be construed in the light most favorable to New Investments.

**A. The Special Warranty Deed is a "bargain and sale deed" for purposes of RCW 64.04.040.**

RCW 64.04.040[4] defines a "bargain and sale deed" as a conveyance of land "substantially in the . . . form" identified in the statute. The Special Warranty Deed given by New Investments to Altnatural

---

[4] RCW 64.04.040 provides that

> Bargain and sale deeds for the conveyance of land may be <u>substantially in the following form</u>, without express covenants:
>
> The grantor (here insert name or names and place of residence), for and in consideration of (here insert consideration) in hand paid, bargains, sells, and conveys to (here insert the grantee's name or names) the following described real estate (here insert description) situated in the county of . . . . . ., state of Washington. Dated this . . . . day of . . . . . ., 19. . .
>
> <u>Every deed in substance in the above form</u> when otherwise duly executed, <u>shall convey to the grantee</u>, his or her heirs or assigns an estate of inheritance in fee simple, <u>and shall be adjudged an express covenant</u> to the grantee, his or her heirs or assigns, to wit: That the grantor was seized of an indefeasible estate in fee simple, <u>free from encumbrances</u>, done or suffered from the grantor, <u>except the rents and services that may be</u>

matches the statutory language of RCW 64.04.040 nearly word-for-word.  Therefore, I conclude that the Special Warranty Deed is a "bargain and sale deed" for purposes of RCW 64.04.040, and that RCW 64.04.040 applies to the Special Warranty Deed.[5]

> reserved, and also for quiet enjoyment against the grantor, his or her heirs and assigns, unless limited by express words contained in such deed; and the grantee, his or her heirs, executors, administrators, and assigns may recover in any action for breaches as if such covenants were expressly inserted.

RCW 64.04.040 (emphases added).

[5] Washington Practice, Real Estate § 14.2 states in relevant part:

> This [bargain and sale] deed form contains, of course, only three of the five warranties of the [statutory] warranty deed form. Moreover, the covenants of the bargain and sale deed are only against title defects incurred by the grantor, not against defects that existed on the land when the grantor took clear title. As Washington has recognized, a deed that contains covenants against only defects incurred by the grantor is sometimes called a "special warranty deed." The bargain and sale deed is designed for use by fiduciaries, such as trustees and administrators, whose nominal interest in land they convey prompts them to limit their liability to only title defects incurred while they hold title. In practice, however, one of the authors has often seen fiduciaries give quitclaim deeds instead of bargain and sale deeds.

(emphases added).  The LexisNexis Practice Guide:  Washington Real Estate Litigation, § 4.03[e], p. 4-8 (2014) states the following about a Washington bargain and sale deed:

> This deed is defined in RCW 64.04.040. A bargain and sale deed in Washington would be called a special warranty deed in many other states. A deed executed in this form conveys the property with the covenant of seisin, covenant of quiet enjoyment, and covenant against encumbrances, but only relating to the time the grantor owned the property.....A bargain and sale deed could also be used in other situations where the grantor is unwilling to make the broad covenants that go along with a warranty deed.

(emphasis added).

**B. New Investments breached the covenant of quiet enjoyment and the covenant against encumbrances contained in the Special Warranty Deed.**

Every bargain and sale deed carries with it the covenant of quiet enjoyment and the covenant against encumbrances. *See* RCW 64.04.040; *see also* 18 Wash. Prac. Real Estate § 14.3. Deed Covenants (2d. Ed. 2015). Here, at the time the Special Warranty Deed was conveyed, the Easement (which was recorded in 2006) was an encumbrance against the Property. The Special Warranty Deed listed 20 exceptions to the covenants, but did <u>not</u> identify the Easement. New Investments breached the covenant of quiet enjoyment and the covenant against encumbrances in the Special Warranty Deed by conveying the Property to Altanatural with the un-excepted Easement.

**C. Altanatural's alleged knowledge of the Easement is irrelevant to enforcement of the covenants contained in the Special Warranty Deed.**

With regard to enforcement of the covenants contained in the Special Warranty Deed, it is irrelevant whether Altanatural knew the Property was encumbered by the Easement or otherwise knew of Chelsea Court's use of the parking spots. In *Fagan v. Walters*, the Washington Supreme Court established that:

> It is a well-settled rule that knowledge by the grantee at the time of the conveyance, of the existence of ... a defect in the grantor's title, does not control the force and effect of the express covenants in the deed, or affect the question of breach.

115 Wn. 454, 457 (1921). *Fagan* was later relied upon and cited to in *Foley v. Smith*, where the court stated:

> Such covenants warrant against <u>known</u> as well as unknown defects, and grantees with knowledge of an encumbrance have the <u>right to rely</u> on the covenants in the deed for their protection. The purpose of the covenant is protection against defects, and to hold that grantees can be protected only against unknown defects would rob the covenant of much of its value and destroy the force of its language.

14 Wn. App. 285, 293-93 (1975) (emphasis added).

**D. New Investments is not entitled to rescission based on the "Snap-up" Doctrine because no proof has been presented that Altanatural had knowledge of the actual Easement prior to closing.**

The Snap-up Doctrine has been applied to grant relief to a party making a unilateral mistake where the resulting contract is "too good to be true" at the time of execution, and the other party to the contract knows of that party's mistake and proceeds to exploit them. *See e.g.*, *Wender Presses, Inc. v. U.S.*, 343 F.2d 961, 963 (1965). The Snap-Up Doctrine is frequently applied in bidding situations, and the remedy associated with it is rescission of the contract.[6] *See id.* at 488.

Here, even assuming that New Investments made a mistake by failing to include the Easement among the listed exceptions, the record does not indicate that Altanatural knew about the Easement prior to closing or otherwise knew of New Investments' mistake in failing to include it as an exception to the Special Warranty Deed.

Shabnam Aziz asserts in her declaration that prior to closing she told Altanatural that "the Hotel was allowing Chelsea Court II the use of 13 parking spots," and pictures attached to the Declaration of Mahmoud Aziz show "reserved" signs on the parking spots themselves. *See* Dkt. Nos. 18 and 19. It is further asserted that because representatives of Altanatural toured and resided at the Property, use of the parking spots should have been self-evident because of use and signage. However, even if true, these facts do not establish that Altanatural knew about the Easement.[7] If true, they establish that Altanatural knew about Chelsea Court's *use* of the parking spots. Permitting use of the parking spots is equally

[6] Because I find that the Snap-up Doctrine does not apply on its face, I need not reach the question of whether the Snap-up Doctrine would be appropriately applied in the context of a long-negotiated purchase and sale agreement culminating in a bargain and sale deed.
[7] Although New Investments' Response (Dkt. No. 20) asserts that "Dr. Xiong was advised by Shabie Aziz on several occasions . . . that there was an active easement," the declarations in the record do not go so far as to say that Altanatural knew about the actual Easement. They assert that Altanatural knew Chelsea Court was using the parking spots.

consistent with a rental arrangement, license agreement, or mere neighborly gesture. This is especially true since Ms. Aziz's father was the developer of Chelsea Court; a friendly relationship would make sense. Notably, the declarations submitted by New Investments do not indicate that Altanatural was informed about the actual Easement prior to closing. Therefore, Altanatural's lack of knowledge regarding the actual Easement has not been put in genuine dispute by the evidence presented.

Moreover, the record does not suggest that New Investments was in any way "exploited" by Altanatural. The PSA and Special Warranty Deed were executed following very lengthy negotiations by sophisticated parties. There was no "snap-up."

Finally, the remedy associated with the Snap-up Doctrine is rescission of the contract; not reformation. At this point, rescission of the PSA would be impracticable if not impossible.

**E. New Investments is not entitled to reformation based on unilateral mistake.**

"A party is entitled to reformation of a contract for unilateral mistake when it proves by clear and convincing evidence that there is a valid antecedent agreement and he or she has been induced by the other contracting party's inequitable conduct to mistakenly enter into a written agreement that does not reflect the antecedent agreement." *N. Coast Elec. Co. v. Ariz. Elec. Serv.*, 2010 Wash. App. LEXIS 1914 (Aug. 23, 2010).

Here, New Investments has not asserted any particular antecedent agreement regarding the Easement and it has not alleged that it was induced by Altanatural's inequitable conduct to mistakenly enter into the PSA or Special Warranty Deed. At most, New Investments has asserted that it made a mistake in failing to include the Easement as an exception to the Special Warranty Deed and that Altanatural knew Chelsea Court was using the parking spaces. Although New Investments asserted that Altanatural was on "inquiry notice" of the Easement, that argument is inapposite in this context.

15-01188-MLB Order Granting in Part and Denying in Part - 9
Case 15-01188-MLB   Doc 25   Filed 11/12/15   Ent. 11/12/15 13:48:17   Pg. 9 of 11
Case 15-01188-MLB   Doc 77-1   Filed 08/27/16   Ent. 08/27/16 13:53:20   Pg. 9 of 11

45

Altanatural is not purporting to be a bona fide purchaser for value; it was the recipient of a bargain and sale deed under RCW 64.04.040.

### F. Vague assertions of bad faith are not actionable.

New Investments generally asserts that Altanatural has failed to deal with it fairly and in good faith. New Investments asserts that Altanatural has breached the PSA by failing to make payments when due and that Altanatural has repeatedly sought to better its financial position with regard to the purchase of the Property by asking for numerous concessions. New Investments also asserts that Altanatural acted in bad faith by failing to disclose the Easement to the title company.

New Investments' allegations of bad faith and unclean hands are too generalized to create a defense or genuine dispute of fact regarding the relief sought by Altanatural. Vague allegations regarding Altanatural's desire to obtain financial relief from its commitments in the PSA are irrelevant to the merits of Altanatural's asserted claims regarding breach of the covenants. Further, as set forth above, the evidence submitted by New Investments does not indicate that Altanatural knew about the actual Easement.

### G. Genuine disputes of material fact exist regarding New Investments' possession and occupancy of the Property.

The PSA required New Investments to deliver possession and occupancy of the Property to Altanatural at closing. At closing and thereafter, New Investments or those acting on its behalf or with its authority, have occupied hotel rooms personally or with property in apparent contravention of the express terms of the PSA. Relying upon the doctrines of waiver and/or estoppel, New Investments asserts that such occupation of the hotel rooms was permitted and/or is permissible. Genuine disputes of material fact exist regarding exactly how many rooms are being occupied and the circumstances surrounding the occupation of same. The facts in the record are muddled. Therefore, I deny the Motion

15-01188-MLB Order Granting in Part and Denying in Part - 10
Case 15-01188-MLB   Doc 25   Filed 11/12/15   Ent. 11/12/15 13:48:17   Pg. 10 of 11
Case 15-01188-MLB   Doc 77-1   Filed 08/27/16   Ent. 08/27/16 13:53:20   Pg. 10 of 11

46

for Summary Judgment regarding breach of the PSA for not providing possession and occupancy at closing.

## CONCLUSION

For the reasons set forth herein, Altanatural's Motion for Summary Judgment is granted in part and denied in part.

/// END OF ORDER ///

15-01188-MLB Order Granting in Part and Denying in Part - 11
Case 15-01188-MLB   Doc 25   Filed 11/12/15   Ent. 11/12/15 13:48:17   Pg. 11 of 11
Case 15-01188-MLB   Doc 77-1   Filed 08/27/16   Ent. 08/27/16 13:53:20   Pg. 11 of 11

47

Entered on Docket August 26, 2016

Below is the Judgment of the Court.



_____
**Marc Barreca**
**U.S. Bankruptcy Court Judge**
(Dated as of Entered on Docket date above)

1
2
3
4
5
6
7
8
9

IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In Re:<br><br>NEW INVESTMENTS, INC.,<br><br>                                        Debtor.<br>───────────────────────<br><br>ALTANATURAL CORPORATION,<br><br>                                        Plaintiff,<br><br>          vs.<br><br>NEW INVESTMENTS, INC., a Washington corporation,<br><br>                                        Defendant. | BANKRUPTCY NO. 13-10948 MLB<br><br>**ADVERSARY NO. 15-01188 MLB**<br><br>**JUDGMENT** |

**THIS MATTER** having come before the Court on July 21, 2016 and on August 18, 2016 upon plaintiff Altanatural Corporation's Motion for (1) Entry of Judgment, (2) Award of Attorney's Fees and Costs, (3) Distribution of Proceeds from the Disbursing Agent, and (4) Reconveyance of Deed of Trust, and the Court having reviewed the Motion and the Declaration of Gulliver Swenson, with the attached exhibits, the Defendant's Response to Plaintiff's Motion For Entry of Judgment and Post-Trial Submissions; Reply to Defendant's

JUDGMENT - 1

**Exhibit____ B**



Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224 | Fax 206.583.0359

1324072.03

Case 15-01188-MLB   Doc 76   Filed 08/26/16   Ent. 08/26/16 14:39:47   Pg. 1 of 4
Case 15-01188-MLB   Doc 77-2   Filed 08/27/16   Ent. 08/27/16 13:53:20   Pg. 1 of 4

48

**Below is the Judgment of the Court.**

1  Response to Plaintiff's Motion for Entry of Judgment and Post-Trial Submissions;
2  Defendant's Supplemental Memorandum on Motion for Entry of Judgment and Post-Trial
3  Submissions; Additional Briefing on Application of Recoupment and Accrual of Interest
4  During Suspension; and the records and files herein and being otherwise fully advised.

5         At the hearing on August 18, 2016, the Court made an oral ruling on the record upon
6  plaintiff Altanatural Inc.'s Motion for (1) Entry of Judgment, (2) Award of Attorney's Fees
7  and Costs, (3) Distribution of Proceeds from the Disbursing Agent, and (4) Reconveyance of
8  Deed of Trust.  That oral ruling is incorporated into this Judgment.  The Court previously
9  entered its Findings of Fact and Conclusions of Law on May 6, 2016 [ECF Dkt No. 63]. The
10  Court also orally amended its Findings of Fact and Conclusions of Law [ECF Dkt No. 63],
11  including expanding upon and amending Conclusion of Law No. 13, and its oral amendment
12  shall be incorporated into the Findings of Fact and Conclusions of Law by reference.

13                          **JUDGMENT SUMMARY**

14  1.   Judgment Creditor:               ALTANATURAL CORPORATION

15  2.   Judgment Debtors:                NEW INVESTMENTS, INC.

16  3.   Principal Judgment Amount:       $415,848.00

17  4.   Costs:                           $4,668.76

18  5.   Attorneys' Fees:                 $67,472.60

19  6.   Total Judgment Amount            $487,989.36

20  8.   Attorneys for Judgment Creditor:   Gulliver Swenson
21                                          Ryan, Swanson & Cleveland, PLLC
                                            1201 Third Avenue, Suite 3400
22                                          Seattle, WA  98101-3034

23  9.   Attorneys for Defendant          Lawrence K. Engel
                                          Attorney at Law
24                                        40 Lake Bellevue Drive
                                          Bellevue, WA 98005
25

26

JUDGMENT - 2



Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224 | Fax 206.583.0359

1324072.03

Case 15-01188-MLB   Doc 76   Filed 08/26/16   Ent. 08/26/16 14:39:47   Pg. 2 of 4
Case 15-01188-MLB   Doc 77-2   Filed 08/27/16   Ent. 08/27/16 13:53:20   Pg. 2 of 4

49

Below is the Judgment of the Court.

10.    Judgment Amount shall bear interest at .56% per annum.

## JUDGMENT

Based on the above, it is therefore

ORDERED, ADJUDGED AND DECREED that the total judgment amount of $487,989.36 is hereby entered against NEW INVESTMENTS, INC., which total judgment amount shall accrue interest at the rate of .56% per annum until the judgment is paid in full; and it is further

ORDERED, ADJUDGED AND DECREED that Altanatural Corporation is entitled to a declaratory judgment that Altanatural Corporation was justified in suspending payments under the certain Promissory Note dated October 4, 2013 granted by Altanatural Corporation to New Investments, Inc.; and it is further,

ORDERED, ADJUDGED AND DECREED that the Judgment shall be recouped against the principal amount due at the time Altanatural Corporation suspended payments – $3,325,288.00 – under the certain Promissory Note granted by Altanatural Corporation to New Investments, Inc. and that after the Judgment is recouped against the principal amount due there shall be a remaining principal amount due under the promissory note of $2,837,298.70; and it is further,

ORDERED, ADJUDGED AND DECREED that the $2,990,000.00 payment made by Altanatural Corporation during its justified suspension of payments, which has been previously applied to the outstanding amount due under the note and portions of which have been distributed to creditors, shall be applied against the $2,837,298.70 resulting in an overpayment of $152,761.30 by Altanatural; and it is further,

ORDERED, ADJUDGED AND DECREED that the Disbursing Agent shall disburse the sum of $152,761.30 to Altanatural; and it is further,

ORDERED, ADJUDGED AND DECREED that the Disbursing Agent shall deliver a Request for Reconveyance to WKG, Inc. reconveying the certain Deed of Trust granted by

JUDGMENT - 3

1324072.03

Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224 | Fax 206.583.0359

Case 15-01188-MLB   Doc 76   Filed 08/26/16   Ent. 08/26/16 14:39:47   Pg. 3 of 4
Case 15-01188-MLB   Doc 77-2   Filed 08/27/16   Ent. 08/27/16 13:53:20   Pg. 3 of 4

50

**Below is the Judgment of the Court.**

1   Altanatural Corporation to New Investments, Inc. and that WKG, Inc. shall file and record a

2   full reconveyance of the Deed of Trust; and it is further,

3       ORDERED, ADJUDGED AND DECREED that the Disbursing Agent shall act

4   promptly in carrying out the requirements contained in this judgment; it is further,

5       ORDERED, ADJUDGED AND DECREED that there is no just reason for delay, and

6   this judgment is to be entered forthwith in that any and all issues between the parties herein on

7   all claims have been fully adjudicated as per B.R. 7054 and F.R.Civ.P.54 (b); and it is further,

8       ORDERED, ADJUDGED AND DECREED that any and all actions by the Disbursing

9   Agent provided for herein are hereby stayed for a period of fourteen (14) days after the entry

10  of this Judgment, as per B.R. 7062 and F.R.Civ.P. 62 (a); and it is further,

11      ORDERED, ADJUDGED AND DECREED that Plaintiff's claim for a refund of

12  security payments on for the injunction of the Deed of Trust foreclosure sale in the amount of

13  $27,697.32 shall be asserted in Adv. Proceeding No. A15-01289-MLB and is not part of the

14  relief granted herein.

15                   // END OF ORDER //

16

17  Prepared and Presented by:

18  RYAN, SWANSON & CLEVELAND PLLC

19

20  _/s/ Gulliver Swenson_
    Gulliver A. Swenson, WSBA #35974
    Counsel for AltaNatural Corporation, Plaintiff

21

22  Approved for Entry; Notice of Presentation Waived:

23

24  _/s/ Lawrence Engel_
    Lawrence K. Engel, WSBA #8421
    Counsel for New Investments, Inc., Defendant

25

26

JUDGMENT - 4



Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224  |  Fax 206.583.0359

1324072.03