HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

In Re

ALTANATURAL CORPORATION

       Plaintiff/Appellee,

  vs.

NEW INVESTMENTS, INC.

       Defendant/Appellant.

Case No. 2:16-cv-01368-RAJ

ORDER

This matter comes before the Court on Appellant's Motion for a Stay Pending Appeal to the 9th Circuit Court of Appeals. Dkt. # 31.[1] On March 13, 2018, this Court entered judgment in favor of Appellee Altanatural Corporation and against Appellant New Investments, Inc, affirming a judgment of the Bankruptcy Court for the Western District of Washington. Dkt. # 25. On March 26, 2018, Appellee moved for attorney fees, and Appellant opposed. Dkt. ## 26, 30. Appellant now requests that this Court stay enforcement, implementation, and disbursements provided for in the Court's

---

[1] Appellant's motion is replete with footnoted legal citations. The Court strongly disfavors footnoted legal citations. This Court has already warned Appellant about this practice, but Appellant apparently did not get the message. Dkt. # 10, at p. 1, n.1. Accordingly, this Court did not consider any arguments or citations contained in Appellant's brief in issuing this Order.

ORDER - 1

Judgment and "any other proceedings in connection with matters in this action, pending the disposition of Appellant's appeal before the Ninth Circuit." Dkt. ## 25, 28, 31.

Enforcement of a final judgment is not generally stayed during the pendency of an appeal. Federal Rule of Civil Procedure 62(d), however, allows for a stay of the execution of the judgment pending appeal when the moving party posts a supersedeas bond. Under Rule 62(d), when an appeal is taken the appellant by giving a supersedeas bond may obtain a stay subject to certain exceptions. Fed. R. Civ. P. 62(d). The bond may be given at or after the time of filing the notice of appeal or of procuring the order allowing the appeal, as the case may be. *Id.* The stay is effective when the supersedeas bond is approved by the court. *Id.*

The purpose of a supersedeas bond is to preserve the status quo while protecting the non-appealing party's rights pending appeal." *Poplar Grove Planting & Refining Co., Inc. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1190-91 (5th Cir. 1979). Although the Court has discretion in determining the amount of supersedeas, the bond should normally include the whole amount of the judgment, costs on the appeal, interest, and damages for delay. *Id.* at 1191. A supersedeas bond ensures that the appellee will be able to collect the judgment plus interest should the court of appeals affirm the judgment. *See Rachel v. Banana Republic, Inc.,* 831 F.2d 1503, 1505 n. 1 (9th Cir.1987). Filing the bond allows the stay as a matter of right. *See* Fed. R. Civ. P. 62(d). In lieu of a supersedeas bond, a court also has the discretion to allow for the posting of alternate forms of security. *See Townsend v. Holman Consulting Corp.,* 929 F.2d 1358, 1367 (9th Cir.1990) (en banc); *International Telemeter, Corp. v. Hamlin Int'l Corp.,* 754 F.2d 1492, 1495 (9th Cir.1985) (allowing appellant to place money in escrow account as an alternative form of judgment guarantee).

Here, Appellant argues that this Court should stay the portion of the Bankruptcy Court Judgment and affirming Judgment of the District Court (Dkt. # 25) requiring the Disbursing Agent, James Rigby, to distribute $152,761.30 to Appellee. Dkt. # 31. Appellant proposes, in lieu of a formal supersedeas bond, Appellant should be able to post a bond of $277,444.38 cash bond consisting of $177,444.38 of the cash bond of $230,000 previously posted by Order of the Bankruptcy Court, and an additional

$100,000 which in the form of funds being currently held by the Disbursing Agent, James Rigby, who would set aside such funds in his account for the cash bond. *Id*. at 3-6.

Appellee has not filed an opposition, and has not otherwise responded to Appellant's motion. The Court considers this to be "an admission that the motion has merit." Local Rules W.D. Wash. LCR 7(b)(2).

Accordingly, the Court **GRANTS** Appellant's unopposed motion. It is hereby **ORDERED** that this case and all associated proceedings, including both the portion of the Bankruptcy Court Judgment and affirming Judgment of the District Court requiring the Disbursing Agent, James Rigby, to distribute $152,761.30 to Appellee (Dkt. # 25) as well as Appellee's Motion for Attorney Fees (Dkt. # 26), are hereby **STAYED** pending Appellant's appeal to the Ninth Circuit Court of Appeals, and shall remain stayed until further order of this Court or conclusion of such appeal.

As a condition of such stay, Appellant New Investments, Inc. shall post a $277,444.38 cash bond consisting of $177,444.38 of the cash bond of $230,000 previously posted by Order of the Bankruptcy Court, and an additional $100,000 which shall be in the form of funds being currently held by the Disbursing Agent, James Rigby, and the Disbursing Agent shall immediately earmark and set side such funds in his account for the cash bond provided for herein, and not disburse such funds without further order of this Court.

Dated this 27th day of July, 2018.

The Honorable Richard A. Jones
United States District Judge

ORDER - 3